OCEAN ACCIDENT AND GUARANTEE CORPORATION, Respondent, v. HOOKER ELECTROCHEMICAL COMPANY, Appellant.

Subrogation — insurer who pays claims against insured arising from wrong of third party entitled to be subrogated to rights of insured against said party — effect of settlement between third party and insured — knowledge on part of third party of right of insurer to subrogation important — action by insurer against third party, as primary wrongdoer, to recover amount paid by it in settlement of claims against insured — motion to dismiss complaint on ground of settlement and release by insured should be denied where it is shown that defendant had knowledge at time of settlement of plaintiff's rights — when provisions of release affecting all claims are to be regarded as unauthorized — waiver by defendant of right to assert defense of indivisibility — settlement made subject to rights of insurer — parties injured had independent cause of action against defendant, and plaintiff by paying their claims was subrogated to their rights and its cause of action thereon cannot be barred by release — amount of claims paid by plaintiff directly to injured persons after the settlement between defendant and insured may not be recovered in this action.

1. An insurer who pays claims against the insured for damages caused by the default or wrongdoing of a third party is entitled to be

**38** Ocean A. & G. Corp. *v.* Hooker Electrochem. Co.

[240 N. Y. 37] Statement of case. [Mar.,

subrogated to the rights which the insured would have had against such third party for its default or wrongdoing. The subrogee acquires rights which as between it and the insured are beyond the power of cancellation and destruction by the latter and under our practice is entitled to enforce these rights by an action in its own name and without joining the insured as a party.

2. While this would be the rule as between the insurer and the insured, a different one might apply as between the insurer and a third party who had made a settlement with the insured of the claims paid by the insurer and in respect of which it was claiming subrogation, but in determining whether such a settlement had been made as would destroy the foundation for a claim of subrogation on the part of the insurer the fact of knowledge on the part of the third party that there was an insurer who had become entitled to the right of subrogation would be of decisive importance.

3. In an action by an insurer to recover from defendant, as the primary wrongdoer, a sum which would reimburse it for claims against the insured which it had settled and also for claims still pending against it and certain expenses, a motion by defendant to dismiss the complaint on the ground that a release given to it by the trustee in bankruptcy of the insured, upon compromise of claims of the insured and payment of a large sum of money by it, operated to defeat plaintiff's claim for reimbursement founded on subrogation, should be denied, where affidavits, in answer to those filed by defendant, were offered by plaintiff which permitted a finding, as matter of fact, that when defendant made its settlement with the trustee of the insured it knew or possessed information which reasonably pursued would have given it knowledge of plaintiff's status as an insurer against claims springing from defendant's fault and that it had become subrogated to various claims of such a character against the insured.

4. The complaint in an action brought by the insured against defendant and referred to in the release executed to the latter did not include the claims which have been paid by this plaintiff, for reimbursement of which this action was brought. A careful analysis of its allegations, in the light of the bill of particulars, indicates that the plaintiff in that action was not seeking to recover as an element of damage sums which had been paid out not by it but by the plaintiff as insurer. The proceedings which led up to the release contemplated and authorized only a settlement of the claims embraced in the action which had been brought by the insured and so far as the provisions of the release attempt to go beyond this and affect a release of all claims they are to be regarded as unauthorized and surplusage.

5. Assuming that originally and presumptively the right of the

insured to recover all of the different kinds of damages springing out of defendant's default constituted one cause of action which could not be divided, defendant is, nevertheless, in no position to assert successfully this defense of indivisibility against plaintiff's claim. A party by voluntary negotiation may waive rights which he would have been entitled to assert against compulsory process and when the defendant, chargeable with notice of plaintiff's rights of subrogation which had become detached from and independent of those retained by the insured, made a settlement with the latter to which the insurer was not a party, it must be regarded as having made such settlement subject to and with a reservation of the rights possessed by plaintiff and with the implication of a consent that the rights of the two parties should become separated even though originally part of an indivisible cause of action.

6. Assuming that the settlement and release covered all claims originally possessed by the insured, whether embraced in its action or not, such settlement and release did not destroy plaintiff's right to maintain this action. The insurer was in no way a party to the settlement and the latter was made subject to its rights and without destruction thereof.

7. In any event the individuals who bought and were injured by the product manufactured by defendant, and which it knew was to be set afloat through the insured, had independent causes of action directly against the defendant. The plaintiff paying claims made against insured by such individuals would be subrogated to all the rights of those individuals including the right to recover damages in an action directly against defendant as the primary party in default. Independent, therefore, of any other theory plaintiff, as subrogee, has acquired a right of action against defendant which was not barred by the settlement and release.

8. Plaintiff's assertion, however, of the right to recover from defendant the amount of claims against the insured which may be paid by it directly to injured parties as insurer after the settlement made between the defendant and the insured, cannot be upheld. Plaintiff's controlling theory in this action is that an insurer is entitled to recover from the primary wrongdoer the amount of claims against the insured which it has been compelled to pay under its policy. In respect of the claims under discussion as it now appears, there is lacking the essential element of payment by the insurer.

*Ocean Accident & Guaranty Corp.* v. *Hooker Electrochemical Co.,* 209 App. Div. 845, affirmed.

(Argued January 28, 1925; decided March 3, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 7, 1924, which affirmed an order of Special Term denying a motion by defendant for judgment dismissing the complaint.

The following question was certified: " Is the release given by the trustee in bankruptcy of S. Wander & Sons Chemical Co., Inc., to the defendant herein a bar, as matter of law, to the cause of action set forth in the complaint? "

*Edward E. Franchot* for appellant. Any rights by subrogation possessed by an insurance company to a cause of action of its assured against a third party to recover damages arising out of a loss insured against are claims in equity as distinguished from rights of legal ownership, full legal ownership and power over the cause of action remaining in the assured. (*McGrath* v. *Carnegie Trust Co.*, 221 N. Y. 92; *Strickland* v. *McGoun*, 119 App. Div. 113; *Platt* v. *R. Y. R. & C. R. R. Co.*, 108 N. Y. 358; *M. S. Bank* v. *Pierce*, 137 N. Y. 444; *C., St. L. & M. R. R. Co.* v. *P. S. Car Co.*, 139 U. S. 79; *N. U. Fire Ins. Society* v. *Standard Oil Co.*, 59 Fed. Rep. 984; *Conn. F. Ins. Co.* v. *Erie R. R. Co.*, 73 N. Y. 399.) The Ocean Company, at the date of the general release herein, possessed no right of subrogation in any cause of action owned by the Wander Company against the Hooker Company. (*Suttles* v. *R. M. Assn.*, 156 App. Div. 435; *Michael* v. *Prussian Ins. Co.*, 171 N. Y. 25; *A. L. Ins. Co.* v. *Parker*, 30 Tex. Civ. App. 221; *Dilling* v. *Draemel*, 16 Daly, 105; *Brown* v. *V. M. F. Ins. Co.*, 83 Vt. 61; *Gatzweiler* v. *M. R. & E. Co.*, 116 N. W. Rep. 633; *Arnold* v. *Green*, 116 N. Y. 571; *Hall* v. *Ins. Co.*, 13 Wall. 367; *Packham* v. *G. F. Ins. Co.*, 91 Md. 515; *C. F. & T. Co.* v. *K. U. Ry. Co.*, 60 Fed. Rep. 794.) If, at the time of the settlement and release of the cause of action, the Ocean Company possessed any equitable rights in respect thereto, they were not such rights as prevented the trustee in bank-

ruptcy from settling the same by a release binding upon the Ocean Company. (*Packham* v. *G. F. Ins. Co.*, 91 Md. 515; *Svea Assur. Co.* v. *Packham*, 92 Md. 464; *Merrick* v. *Brainerd*, 54 N. Y. 208; *Collins* v. *N. Y. C. & H. R. R. R. Co.*, 5 Hun, 503; *Briggs* v. *N. Y. C. & H. R. R. R. Co.*, 72 N. Y. 26; *Carpenter* v. *Eastern Transportation Co.*, 71 N. Y. 574; *Dix* v. *Jaquay*, 94 App. Div. 554; *Rogers* v. *Atlantic, G. & P. Co.*, 213 N. Y. 246; *St. James Co.* v. *S. T. & L. Ins. Co.*, 82 App. Div. 242; 178 N. Y. 560.) No claim that the release was ineffective as against the Ocean Company can be based upon alleged fraud upon its rights; on the contrary, it is itself estopped from asserting its invalidity. (*Van Olinda* v. *Whitehead Bros. Co.*, 168 App. Div. 589; *Smith* v. *Satterlee*, 130 N. Y. 677; *Tennant* v. *Dudley*, 144 N. Y. 504; *White* v. *Old Dominion Steamship Co.*, 102 N. Y. 660; *Wahl* v. *Barnum*, 116 N. Y. 87; *Post* v. *Thomas*, 212 N. Y. 264; *Minehan* v. *Hill*, 144 App. Div. 854; *People* v. *N. Y., O. & W. Ry. Co.*, 133 App. Div. 476.) The separate items of damage resulting from expenditures made by or on behalf of the Wander Company in respect of claims by third persons injured on the opening of cans of chlorinated lime did not give rise to separate causes of action; on the contrary, any breach of warranty or act of negligence claimed against the Hooker Company could give rise to only one cause of action, entire and indivisible. (2 Black on Judgments, § 735; Freeman on Judgments [4th ed.], § 240; Sutherland on Damages [4th ed.], § 106; *Bracken* v. *Atlantic Trust Co.*, 167 N. Y. 510; *Kennedy* v. *City of New York*, 196 N. Y. 19; *C. E. N. Bank* v. *Blye*, 123 N. Y. 132; *Atkins* v. *Trowbridge*, 162 App. Div. 161; *Binns* v. *Vitagraph Co.*, 147 App. Div. 783.) Neither the Wander Company nor the Ocean Company, by subrogation to its rights, possessed a separate cause of action by virtue of subrogation to the rights of each injured claimant directly against the Hooker Company. (*N. Y. Cons. R. R. Co.* v. *Mass. B. & I. Co.*, 193 App.

Div. 438; *Union S. Y. Co.* v. *C.,* etc., *R. R. Co.,* 196
U. S. 217; *Cons.,* etc., *Machine Co.* v. *Bradley,* 171 Mass.
127; *McPherson* v. *Buick Motor Co.,* 217 N. Y. 382;
*Groves* v. *Wander Chemical Co.,* 192 App. Div. 948; 232
N. Y. 579; *Stellwagen* v. *Wander Chemical Co.,* 192 App.
Div. 943; *Hallenbeck* v. *Wander Chemical Co.,* 197 App.
Div. 855; *Roth* v. *Nat. A. Mut. Cas. Co.,* 202 App. Div.
667; 235 N. Y. 605; *Schoenfeld* v. *N. J. Fidelity & Plate
Glass Ins. Co.,* 203 App. Div. 796; *Farrell* v. *Merchants'
Mutual Auto. Liab. Ins. Co.,* 203 App. Div. 118; *O'Connell*
v. *N. J. Fidelity & P. G. Ins. Co.,* 201 App. Div. 117.)

*A. Lee Olmsted* for respondent.   The cause of action
set forth in the complaint herein was not included in the
action brought by the Wander Company against this
defendant, nor could it have been so included under
our practice.   (*Lord & Taylor* v. *Y. & T. Mfg. Co.,* 230
N. Y. 132; *Moore* v. *Taylor,* 175 App. Div. 37; *Svea Ins.
Co.* v. *Packham,* 92 Md. 464; *Packham* v. *G. F. Ins. Co.,*
91 Md. 515.)   The complaint in this action states a good
cause of action against the defendant.   Under the facts
alleged in the complaint, the Wander Company had a
good and enforcible claim against the Hooker Company
for moneys expended in the defense of negligence claims
for personal injuries and the Ocean Accident and Guar-
antee Corporation having paid such claims became
subrogated to those rights.   (*N. Y. Cons. R. R. Co.* v.
*Mass. B. & I. Co.,* 193 App. Div. 438; *O. S. Nav. Co.* v.
*Campania Transatlantica E. Co.,* 134 N. Y. 461; *Gray*
v. *Boston Gas Light Co.,* 114 Mass. 149; *Churchill* v. *Holt,*
127 Mass. 165; *Boston W. H. Co.* v. *Kendall,* 178 Mass.
232; *Washington Gas Co.* v. *District of Columbia,* 161
U. S. 316; *Union Stock Yards Co.* v. *Chicago R. R. Co.,*
196 U. S. 217; *Lord & Taylor* v. *Yale & Towne Mfg.
Co.,* 230 N. Y. 132; *Western Union Tel. Co.* v. *Gest,* 183
App. Div. 548; *Employers' Liability Assur. Corp.* v. *I.
M. Products Co.,* 192 App. Div. 88; *Royal Indemnity*

*Co.* v. *Hasslacher,* 189 App. Div. 935; *W. & G. A. Ins. Co.* v. *Otis Elevator Co.,* 228 N. Y. 192.) The release obtained by the defendant from the trustee in bankruptcy of S. Wander & Sons Chemical Co., Inc., is not a bar to this action, nor does it relieve the defendant from liability to the plaintiff. (*Conn. F. Ins. Co.* v. *Erie R. R. Co.,* 73 N. Y. 399; *Munson* v. *N. Y. C. R. R. Co.,* 32 Misc. Rep. 282; *Royal Indemnity Co.* v. *International R. R. Co.,* 95 Misc. Rep. 670; *Lloyds Ins. Co.* v. *Vicksburg Traction Co.,* 106 Miss. 244; *Matter of Woodward,* 171 App. Div. 736; *Home Ins. Co.* v. *Western Transp. Co.,* 33 How. Pr. 102; *C., B. & Q. R. R. Co.* v. *Emmons,* 42 Ill. App. 138; *P., etc., R. R. Co.* v. *Home Ins. Co.,* 183 Ind. 355; *A., T. & S. F. R. Co.* v. *Home Ins. Co.,* 59 Kan. 432; *H. F. Ins. Co.* v. *W. R. R. Co.,* 74 Mo. App. 106.) The defendant claims that this cause of action cannot be sustained for the reason that it constitutes a splitting of an indivisible cause of action. Under the facts of this case such a defense is not available. (*Moore* v. *Taylor,* 175 App. Div. 37; *Secor* v. *Sturgis,* 16 N. Y. 548; *Perry* v. *Dickerson,* 85 N. Y. 345.) Public liability or employer's liability insurance contracts are indemnity contracts and rights of subrogation exist in the insurance companies to the same extent and under the same rules as have been so well settled for many years in the case of fire insurance policies. (*Royal Indemnity Co.* v. *Hasslacher,* 189 App. Div. 935; *Wanamaker* v. *Otis Elevator Co.,* 228 N. Y. 192; *Royal Indemnity Co.* v. *International R. R. Co.,* 95 Misc. Rep. 670; *Lord & Taylor* v. *Yale & Towne Mfg. Co.,* 230 N. Y. 132; *E. L. Assur. Corp.* v. *I. M. Products Co.,* 192 App. Div. 88.)

HISCOCK, Ch. J. The questions presented upon this appeal arise upon a motion made to dismiss the complaint and founded not only upon that pleading but also upon affidavits. All of these questions lead up to the principal one which has been certified to us whether the plaintiff

as insurer and subrogee is barred by a release executed by the insured to defendant from recovering of the latter the moneys which it paid to indemnify the insured against loss caused by the wrongdoing of the defendant.

It appeared on the motion that a corporation known on this appeal as the Wander Company engaged in marketing a chemical known as chlorinated lime made a contract with the defendant to manufacture and supply it with a quantity of this product which it then sold to various people. As the result of alleged fault on the part of defendant in manufacturing the article it became explosive and caused injuries to a great many people to whom it was sold by the Wander Company. Plaintiff had issued to the latter company insurance policies under which it became obligated to indemnify it against claims for such damages as these and in accordance with its obligations as insurer it settled a large number of such claims, paying in the neighborhood of $40,000 in such settlements and there are still many other claims which it has not settled. Under ordinary circumstances this would give plaintiff, by subrogation, an undoubted claim against defendant for the amounts so paid.

But in the meantime the Wander Company itself had brought an action against the defendant to recover a large amount of damages claimed to have been suffered by reason of the latter's alleged breach of contract. Soon after bringing this action, however, the Wander Company was forced into bankruptcy and by proceedings duly taken its trustee was authorized to and did make a compromise of claims asserted by it against the defendant in consideration of the payment of a substantial sum of money and a release was given to the defendant and it is claimed that this settlement bars plaintiff's right of subrogation. Some facts in respect of this settlement and release are material in the consideration of the question hereafter to be had whether they were confined to the claims asserted in the action brought by the Wander Company or were a

Ocean A. & G. Corp. *v.* Hooker Electrochem. Co.    **45**

1925.]                    Opinion, per Hiscock, Ch. J.         [240 N. Y. 37]

general settlement and release of all claims of every nature possessed by the Wander Company, whether within or without the scope of the action which it had brought as aforesaid.

The proceedings leading to the formal release were commenced by a petition in bankruptcy proceedings presented by the trustee of the Wander Company and this petition limited the settlement for the effectuation of which permission was being sought to " the suit now pending in favor of the bankrupt against said Hooker Electrochemical Company " and which is the suit to which reference has been made, and the prayer of the petition asked that an order should issue directing creditors of the bankrupt to show cause why an order should not be made and entered approving " a compromise settlement of said suit " at a figure which was set forth in the petition. The order entered upon said petition is not found in the record but the notice to creditors presumably issued in accordance with such an order referred simply to a compromise settlement of the suit. The order approving settlement of claims was not drawn with entire accuracy. Although in some of its recitals it referred to a sale of all claims held by the bankrupt against defendant including those embraced in the action, it did in its formal portions order that " the compromise settlement of the claim and cause of action brought by the bankrupt against the said Hooker Electrochemical Company and pending undetermined " be and the same hereby is approved and confirmed. Then proceeding further it inconsistently directed that the trustee execute a release " of all claims and demands in favor of the bankrupt or its trustee " against defendant " including the claims and demands upon which is predicated the suit now pending undetermined," and the release subsequently executed while in its first provisions a general release of all claims against the defendant in its concluding provisions was a release " particularly but not exclusively

from all claims and demands of every kind and nature, * * * upon which is predicated the action now pending " by the bankrupt against the defendant.

After this settlement plaintiff, relying on principles of subrogation applicable as between insurer and insured brought this action to recover from the defendant as the primary wrongdoer which caused all of the trouble, a sum which should reimburse it for claims against the Wander Company which it had settled as aforesaid and also for claims still pending against it and certain expenses, it being claimed that under the policy of insurance issued by it to the Wander Company injured parties may recover directly from it although the insured has paid nothing to them.

Claiming that the release heretofore described operated to defeat plaintiff's claim for reimbursement founded on subrogation, the motion to dismiss the complaint was made which has been referred to. On that motion affidavits in answer to those filed by defendant were offered by plaintiff which, in our judgment, permitted the court to find at least as a matter of fact that when defendant made its settlement with the trustee of the Wander Company it knew or possessed information which reasonably pursued would have given it knowledge of plaintiff's status as an insurer of the Wander Company against claims springing from defendant's fault and that it had become subrogated to various claims of such a character against the latter.

This statement of what we regard as the controlling facts now appearing leads us to the discussion and decision of the question of law which has been certified to us, of the effect of the release given by the trustee of the Wander Company to defendant. Many propositions have been urged on the appeal which we do not deem it necessary to consider in this opinion, although they have all received attention. It seems to us that the decisive principles which are involved are few in number and for the most part well established.

It is so well settled as not to require discussion that an insurer who pays claims against the insured for damages caused by the default or wrongdoing of a third party is entitled to be subrogated to the rights which the insured would have had against such third party for its default or wrongdoing. This right of subrogation is based upon principles of equity and natural justice. We recognize at once the fairness of the proposition that an insurer who has been compelled by his contract to pay to or in behalf of the insured claims for damages ought to be reimbursed by the party whose fault has caused such damages and the principle of subrogation ought to be liberally applied for the protection of those who are its natural beneficiaries. Under the circumstances presented in this case the right is in some of its results not different than would be the assignment by the insured of its right of action against the primary wrongdoer for the fault which has caused the damages which have been paid by the insurer. (*Hart* v. *West. R. R. Co.*, 13 Met. 99.) The subrogee acquires rights which as between it and the insured are beyond the power of cancellation and destruction by the latter and under our practice is entitled to enforce these rights by an action in its own name and without joining the insured as a party. (*Lord & Taylor, Inc.*, v. *Yale & Towne Mfg. Co.*, 230 N. Y. 132.)

But while this would be the rule as between the insurer and the insured it is recognized that a different one might apply as between the insurer and a third party who had made a settlement with the insured of the claims paid by the insurer and in respect of which it was claiming subrogation. That is, if the third party had been able to make a valid settlement with the insured as against the insurer of the claims upon which rested as a foundation the claim of the latter to subrogation, that right would necessarily fall. In determining whether a third party, being the primary wrongdoer, had made a settlement with the insured which would destroy the foundation for

**48** Ocean A. & G. Corp. *v.* Hooker Electrochem. Co.

[240 N. Y. 37]     Opinion, per Hiscock, Ch. J.     [Mar.,

a claim of subrogation on the part of the insurer the fact of knowledge on the part of the third party that there was an insurer who had become entitled to the right of subrogation would obviously be of large importance. As we have indicated before, we think that the Supreme Court had the right to find and must be assumed to have found as matter of fact that the defendant did have or is to be charged with such knowledge of the status and rights of the plaintiff in respect of claims which it had paid and, therefore, that in approaching the settlement made by it it was confronted by this fact and subject to the application of the principles of law to which we have referred.

Counsel have discussed at much length the question already referred to whether the complaint in the action brought by the Wander Company against defendant and which was referred to in the release executed to the latter, included the claims which have been paid by plaintiff and for reimbursement of which payment it now brings this action. While we do not regard this question as decisive of this appeal it seems logical to consider it first. We do not think that the complaint included such claims. A careful analysis of its allegations in the light of the bill of particulars indicates that the plaintiff in that action was not seeking to recover as an element of damages sums which ultimately had been paid out not by it but by the plaintiff as insurer. In fact we do not very well see how the plaintiff in that action could recover as damages the amount which had been paid out by the insurer to it or on its account.

Then we come specifically to the settlement and release. In determining what defendant accomplished as against plaintiff we shall assume in the first instance that the settlement which, of course, was a compromise and not a payment in full, covered simply the claims embraced in the action which had been brought by the Wander Company. We are inclined to think that this is a fair interpretation. The proceedings which led up to the

release contemplated and authorized only a settlement of such claims and so far as the provisions of the release attempt to go beyond this and effect a general release of all claims whether included in the suit or not, we think they are to be regarded as unauthorized and surplusage. Proceeding on this assumption we come to the contention made by the defendant that nevertheless all of the demands accruing in favor of the Wander Company against the defendant for its default were part of an indivisible cause of action and, therefore, within familiar principles when the defendant made a settlement with the trustee of the Wander Company although in terms it only embraced that part of the items of damage embraced in the action it operated as a satisfaction of all claims by reason of this principle of indivisibility. Without pursuing to that final decision which would be necessary if we regarded this assertion of indivisibility as conclusive, we shall assume that originally and presumptively 'the right of the Wander Company to recover all of the different kinds of damages springing out of defendant's default did constitute one cause of action which could not be divided. Notwithstanding this, however, we do not think that the defendant is in a position to assert successfully this defense of indivisibility against plaintiff's present claim.

Even if it be conceded that originally the plaintiff as subrogee in respect of part of the claim of the Wander Company against defendant by virtue of its indemnity payments could not alone have brought an action against it for such part, or that an action brought by the Wander Company to recover from defendant its damages and prosecuted through to judgment would have been a bar to this action, such concession in our opinion does not save the defendant under the present circumstances. In the case first supposed defendant would have had a right to object to being subjected against its will to unnecessary litigation through an attempt to divide an indivisible cause of action. In the second case supposed it would have

4

**50** Ocean A. & G. Corp. *v.* Hooker Electrochem. Co.

[240 N. Y. 37]     Opinion, per Hiscock, Ch. J.     [Mar.,

had a right to assert that a judgment *in invitum* secured by the insured should be a satisfaction in full of claims against it and that the insurer should be required to protect its rights either by becoming a party to the litigation or by looking to the insured as trustee for a proper distribution of the damages which had been recovered. But there is and ought to be a difference between compulsory process and voluntary negotiation and in our opinion there is no doubt that a party by the latter may waive rights which he would have been entitled to assert as against the former. We think that is what has happened here and that when the defendant chargeable with notice of plaintiff's rights which largely had become detached from and independent of those retained by the Wander Company made a settlement with the latter to which the insurer was not a party it must be regarded as having made such settlement subject to and with a reservation of the rights possessed by plaintiff and with the implication of a consent that the rights of the two parties should become separated even though originally part of an indivisible cause of action. (*Omaha & R. V. Ry. Co.* v. *Granite State F. Ins. Co.*, 53 Neb. 514, 519, 520; *A., T. & S. F. R. R. Co.* v. *Home Ins. Co.*, 59 Kan. 432, 435.)

If we assume the other view of the settlement and release, that they purported to cover all claims originally possessed by the Wander Company and whether embraced in its action or not, we think that such settlement and release did not destroy plaintiff's right to maintain this action. Charged with the knowledge to which we have referred it knew that plaintiff occupied the position of subrogee and by operation of law, working what amounted to an assignment, had acquired a right of action against it which was not controlled by the insured and which the latter had no right to cancel. The insurer was in no way a party to the settlement and we think that the latter was made subject to its rights and without destruc-

tion thereof.   The situation seems to us quite analogous to that which might arise as between a mortgagor and the assignee of a mortgage either by unrecorded formal assignment or equitable transfer arising through operation of law.   If the mortgagor with knowledge of the rights which had thus been acquired by a third party should make a payment to and purported settlement with the mortgagee, of course, it would not be effective as against such transferee and it seems to us that practically the same principles prevent defendant's settlement with the Wander Company from operating as a settlement and destruction of the independent rights with which plaintiff had become invested.   Such protection against such settlement is afforded to the subrogee by various authorities which hold that such an attempted settlement by the primary wrongdoer is a fraud upon the insurer and will not be allowed to stand as a defense to his action.   But by whatever term we characterize the operation it seems to us clear that the primary wrongdoer cannot make with the insured a settlement which will deprive of its known rights the insurer who is not a party to the settlement and has made its payments before the settlement.   (*Lord & Taylor, Inc.,* v. *Yale & Towne Mfg. Co., supra; Conn. Fire Ins. Co.* v. *Erie Ry. Co.,* 73 N. Y. 399; *Fire Assn. of Phila.* v. *Wells,* 84 N. J. Eq. 484; *Swarthout* v. *Chicago & N. W. Ry. Co.,* 49 Wis. 628; *Pittsburgh, C., C. & St. L. Ry. Co.* v. *Home Ins. Co.,* 183 Ind. 355, 370; *Monmouth Co. M. F. Ins. Co.* v. *Hutchinson,* 21 N. J. Eq. 107; *Cushman & Rankin Co.* v. *B. & M. R. R.,* 82 Vt. 395, 397.)

As the case now appears we think there is still another theory which protects plaintiff from the effect of the settlement and release and enables it to maintain this action.   On the facts which have been referred to if established on a trial, under the principles which were declared in the case of *MacPherson* v. *Buick Motor Company* (217 N. Y. 382), the individuals who bought

and were injured by the explosive character negligently given by defendant to the product which it knew was to be set afloat through the Wander Company had a cause of action directly against the defendant independent of any cause of action arising in favor of the Wander Company. In accordance with general principles the Wander Company or this plaintiff indemnifying the Wander Company against claims by the injured individuals, would be subrogated to all the rights of those individuals including the right to recover damages in an action directly against defendant as the primary party in default. That is the ordinary rule applicable in favor of a surety, as this plaintiff in effect is. It acquires by subrogation all of the rights possessed by the original holder in respect of the claim which it has been compelled to pay. Of course, the claims which injured parties had independently of the Wander Company against the defendant were not included in the settlement between the latter and the defendant. Therefore, on this theory as it seems to us independent of the other the plaintiff as subrogee has acquired a right of action against the defendant which cannot possibly be barred by the settlement and release.

Thus on the facts as now presented we think that plaintiff had a cause of action which was not barred by the settlement and release urged by the defendant.

We do not agree, however, with plaintiff in respect of one element of damage and recovery which is asserted by it. As we understand it, plaintiff asserts the right to recover from defendant the amount of claims against the Wander Company which in the future may be paid by it directly to injured parties as insurer after the settlement made between the defendant and the insured. This assertion rests on the theory that plaintiff as insurer is compelled by the provisions of its policy to pay claims against the Wander Company for damages accruing in the manner hereinbefore described even though the Wander Company

has never satisfied such claims. Ordinarily, of course, the contract of insurance is one of indemnity and if the insured does not pay anything there is no basis for indemnity and owing to the bankruptcy of the Wander Company it is conceded that claims cannot be collected from it. The provision in the policy issued by plaintiff on which it relies as a basis for the assertion of this claim is the one that " The insolvency or bankruptcy of the assured covered by the undermentioned policy shall not release the corporation from the payment of damages for injuries sustained or loss occasioned during the term of the policy, and in case execution against the assured is returned unsatisfied in an action brought by the injured, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, that then an action may be maintained by the injured person, or his or her personal representative, against the corporation under the terms of the policy for the amount of the judgment in said action not exceeding the limits of the policy."

We do not regard it as necessary at this time to decide whether the clause which we have quoted would be sufficient to preserve a liability on the part of plaintiff to injured parties having claims against the Wander Company, in spite of the fact that said company had executed to the primary wrongdoer a release which would under ordinary circumstances destroy plaintiff's remedy of subrogation and be a bar to liability on its part as insurer of the Wander Company. That question is scarcely presented at the present time and, therefore, we reserve consideration and decision of it until it is presented.

But however that question may be decided if ultimately presented, plaintiff's controlling theory in this action is that an insurer is entitled to recover from the primary wrongdoer the amount of claims against the insured which it has been compelled to pay under its policy. In respect of the claims under discussion as it

now appears, there is lacking the essential element of payment by the insurer.

The order should be affirmed, with costs, and the question certified answered in the negative.

CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; McLAUGHLIN, J., absent.

Order affirmed.