PACIFIC FIRE INSURANCE COMPANY, Plaintiff, *v.* L. A. D. MOTORS CORPORATION, Defendant.

City Court of New York, New York County, February 25, 1930.

*Herbert F. Garrick,* for the plaintiff.

*Strongin & Hertz,* for the defendant.

STEUER, J. The insured directed that her automobile be delivered to the defendant for repairs. The testimony was conflicting as to whether this delivery was completed. The automobile disappeared under circumstances indicating that it was stolen either from the defendant's premises or some adjacent place. Whether or not this theft was chargeable to any negligence on the part of the defendant also remains in dispute. On June 14, 1929, the defendant and the insured, through her father, negotiated a settlement for whatever liability may have attached to the defendant by reason of the disappearance of the automobile. By the terms of the settlement, the defendant was released from any liability, and, in return, agreed to sell the insured a new automobile for $1,250, which was twenty per cent less than the retail price, and further accepted a thirty-day note for $1,150 of the purchase

price. The new automobile was delivered and the note paid in due course. On the 17th of July, 1929, plaintiff paid the insured $1,050 in settlement of her claim and took at that time an assignment of any cause of action she might have for the loss. Upon these facts a verdict was directed for the defendant, and a motion is now made to set aside that verdict as contrary to law. As assignee of the cause of action, the plaintiff took subject to any defense which was good against the assignor at the time of the assignment. The plaintiff here, however, sues, not only as assignee, but also upon its right of subrogation. The difference is that in the latter capacity its rights attach at the time the equities arose in its favor rather than at the time any action is taken on the part of the assignor. The question arises, When did these rights attach? There can be no doubt that the taking out of a policy gives the plaintiff no rights against any wrongdoer. It must follow that the occurrence of a loss for which the plaintiff would be liable is a condition precedent to its acquiring any rights. There remains to be decided whether that alone is sufficient to give an insurance company a right of subrogation, or whether in addition it must admit and pay a claim due under the policy before its rights as subrogee attach. Up until the time that the plaintiff paid the claim, there is no proof of any admission of liability on its part for this loss. Until that time it was free to raise any question as to the policy itself, the value of the automobile, or the conduct of the insured which might bar a recovery that it chose. Under these circumstances, it is difficult to see how any right to sue any third person could have accrued.

The case chiefly relied on by the plaintiff is *Ocean A. & G. Corp.* v. *Hooker Electrochem. Co.* (240 N. Y. 37). This was an action similar in form to the instant case, but the fact appeared that claims were paid by the insurance company prior to the settlement between the insured and the defendant. As to these, the right of subrogation attached, the defendant's settlement was held to be no bar. The complaint in that action sought damages for other claims which had not yet been paid by the insurer. The Court of Appeals did not pass on the insurer's rights to these claims, but it said: "In respect of the claims under discussion as it now appears, there is lacking the essential element of payment by the insurer" (240 N. Y. 53). I take this to mean that the Court of Appeals meant that, until the insurance company had paid a claim, it could not bring action, and that this is so because its rights as subrogee do not accrue until then.

Plaintiff also claims that the settlement was made in derogation of the rights of the plaintiff and with knowledge that plaintiff had

such rights; or, in other words, that the settlement was intended by the parties thereto as a fraud upon the plaintiff. Without passing on whether the claim of fraud vitiating the settlement can be availed of without being pleaded, it is sufficient to say that plaintiff's case is barren of proof to sustain the position. Plaintiff relied on the fact that the parties were aware that the automobile had been insured, and it might have been inferred that the note given the defendant was expected to be met by a payment under the policy. A fraudulent intent is a fact which must be proved, and the evidence negatived the theory that such an intent was had by any one in this case.

Motion to set aside the verdict is denied. Exception to the plaintiff. Plaintiff is allowed thirty days to make a case.