Michael Catalano, J.
Defendant moves to dismiss plaintiff’s complaint for insufficiency.
The complaint alleges, in effect:
That plaintiff is an insurance corporation; defendant resides in Lockport, New York; August 1, 1966, plaintiff issued an insurance policy to Norman E. Bonner (Bonner), insuring Bonner for one year, covering a 1960 Ford tractor with shovel lift in front and a back hoe at rear for limited use, registered on a limited registration under subdivision 13 of section 401 of the Vehicle and Traffic Law; June 22, 1966, plaintiff issued an PS-1, certifying insurance coverage re said subdivision 13 of *691 section 401; condition 8 of said policy states: ‘ ‘ When this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state or province, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by law but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph ”; in early September, 1966, Bonner lent said tractor to Floyd Snyder (Floyd) to dig a foundation for wrecking a building on his property and Floyd lent it to his son, defendant, to move hay feeders from their present farm to Akron Road; September 4, 1966, at 2:50 p.m., defendant collided with a 1956 Oldsmobile convertible owned and operated by Charles J. Kreutz (Kreutz) on Keck Road, Lockport, New York while using said tractor, violating its restrictive use under said subdivision 13 of section 401; plaintiff was obligated to pay Edward Grenbowicz (Grenbowicz) $500 and Irene Smith (Smith) $1,500 in settlement of their claims for injuries; per Condition 9, plaintiff demanded reimbursement of $2,000 and payment was refused; wherefore, plaintiff demands judgment against defendant for $2,000.
Defendant claims he was never advised and had no knowledge that said tractor was covered by a limited insurance policy for limited farm purposes; he never consented to said settlements and was not a party to said insurance contract.
Ignoramtia legis neminem excusat. Thus it is said, everyone is presumed to know the law. Also, ignoramtia juris sui non praejudicat, or ignorance of one’s right does not prejudice the right. In a qualified sense, knowledge of the law is imputed to every one. (Municipal Metallic Bed Mfg. Corp. v. Dobbs, 253 N. Y. 313, 317; National Conversion Corp. v. Cedar Bldg. Corp., 23 N Y 2d 621, 628.)
Here, defendant’s ignorance of insurance coverage on said tractor, his failure to consent to said settlement, his not being a party to said insurance contract do not change his rights and duties.
Subdivision 13 of section 401 of the Vehicle and Traffic Law provides: “Registration of motor vehicles, trailers and semitrailers operated upon public highways connecting farms or *692 portions of a farm. Motor vehicles, trailers and semitrailers, operated by any person or his agents or employees, upon a public highway connecting by the most direct route any farms or portions of a farm under single or common ownership or operation, may be registered as provided in this subdivision. Every owner of a motor vehicle, trailer or semitrailer intended to be operated only upon a public highway connecting by the most direct route such farms or portions of a farm may cause to be filed by mail or otherwise, with the commissioner or with any agent of the commissioner, an application for registration of such vehicle, addressed to the commissioner, and on a blank to be furnished by the commissioner for that purpose, containing the information required by subdivision one of this section and such other information as the commissioner shall require. The commissioner or agent shall make such investigation, as he shall determine necessary, and if satisfied that the vehicle is to be operated exclusively as provided in this subdivision he shall, upon the payment of a fee of one dollar assign to such vehicle a distinctive number and issue and deliver to the applicant a set of number plates and a certificate or registration in such form as the commissioner shall prescribe, indicating the extent to which the vehicle registered may be operated on the public highways and such vehicle may be operated only as so indicated. ’ ’
Two of the important objects of the requirements of former section 11, present section 401 of the Vehicle and Traffic Law, for registration of motor vehicles were to facilitate identification of owner and to protect the general public using highways by eliminating certain classes of operators and by requiring production of evidence of financial responsibility in the event of injury to others. (Shuba v. Greendonner, 271 N. Y. 189, 192.)
‘ ‘ The insured is free to press on with its claim or, if no payment has been made by the insurer, settle, as the insured desires. (Cf. Ocean Acc. & Guar. Corp. v. Hooker Electrochem Co., 240 N. Y. 37.) ” (Krause v. American Guar. & Liab. Ins. Co., 22 N Y 2d 147, 154.)
Here, since the insurer settled and paid G-renbowicz and Smith, the rights of Bonner became plaintiff’s.
‘ ‘ Furthermore, the insurer’s subrogation claim may become time-barred if the plaintiff does not commence suit against the tort-feasor (see Exchange Mut. Ind. Ins. Co. v. Central Hudson Gas & Elec. Co., 243 N. Y. 75).” (Krause v. American Guar, & Liab. Ins. Co., 22 N Y 2d 147, 155.)
*693 Here, plaintiff was obliged to pay and sue with all due dispatch. It has done so.
Subrogation is the principle that when one person has been compelled to pay a debt which ought to have been paid by another, he is given all of the creditor’s remedies against the debtor. (Ballentine’s Law Dictionary [3d ed.], p. 1229.) This principle has been adopted by equity to avoid unjust enrichment and as a favored remedy to be extended by the courts rather than restricted. (3105 Grand Corp. v. City of New York, 288 N. Y. 178, 182; Kmg v. Pelkofski, 20 N Y 2d 326, 334.)
Here, subrogation should be applied to avoid defendant’s unjust enrichment.
An insurer who pays claims against its insured for damages caused by a third-party tort-feasor is subrogated to the insured’s rights against such third party, which it may sue in its own name, without joining the insured as a party. (Ocean Acc. & Guar. Corp. v. Hooker Electrochem. Co., 240 N. Y. 37, 53; Lord & Taylor v. Yale & Towne Mfg. Co., 230 N. Y. 132; Hamilton Fire Ins. Co. v. Greger, 246 N. Y. 162, 164.) Of course, the insurer has no right to prosecute the action before the payment of the insured’s claim. (Ross v. Pawtucket Mut. Ins. Co., 13 N Y 2d 233, 234.) And upon such payment the insurer is subrogated to the civil rights and remedies of the insured. (Americcm Sur. Co. v. Town of Islip, 268 App. Div. 92, 94.)
In the original action instituted against Bonner, he, as a passive tort-feasor, could have invoked third-party practice against defendant, the active tort-feasor, seeking indemnity without a contract therefor (see CPLR 1007), and plaintiff could have acquired a contingent claim against defendant based upon subrogation. (Krause v. American Guar. & Liab. Ins. Co., 22 N Y 2d 147, supra.) Such procedure by Bonner was not imperative to the maintenance of the action at bar, however.
Therefore, this complaint is sufficient.
Motion denied, without costs.