OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, the motion of defendant Bekins for summary judgment dismissing Aetna’s complaint denied, and plaintiff’s cross motion for summary judgment in the principal sum of $14,161.87 granted.
 

 Gerald Smith, the third-party defendant, engaged Bekins, a common carrier, to ship his personal belongings, including a Mercedes Benz automobile, from Houston to New York City. For this purpose, Smith opted for a so-called "released value” of $58,000. In addition Smith had an automobile policy, issued by Aetna, covering the Mercedes Benz.
 

 
 *903
 
 The contents of the truck carrying Smith’s possessions were completely destroyed by fire. Smith filed a claim with Aetna and received $14,161.87 for the loss of the automobile. Subsequently, he claimed an actual loss of $119,475 with Bekins. While Bekins was investigating the loss, it received notice of Aetna’s subrogation claim. Bekins determined that Smith’s loss exceeded the released value of $58,000, and, therefore, paid the full released value directly to Smith.
 

 Aetna then brought this action asserting that Bekins should have paid $14,161.87 to Aetna pursuant to Aetna’s notice of the insurer’s right of subrogation. Bekins impleaded Smith as a third-party defendant. Special Term granted Bekins’s motion for summary judgment and denied Aetna’s cross motion holding that Bekins’s liability was limited to the $58,000 it had already paid. The Appellate Division affirmed, by a divided court.
 

 Bekins’s payment of the entire $58,000 "released value” to Smith was in violation of Aetna’s subrogation rights
 
 (see, Ocean Acc. & Guar. Corp. v Hooker Electrochemical Corp.,
 
 240 NY 37, 47). Therefore, the settlement between Bekins and Smith, after Aetna informed Bekins of its subrogation rights, has no effect upon Aetna’s rights against Bekins
 
 (Hamilton Fire Ins. Co. v Greger,
 
 246 NY 162;
 
 Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co., supra; Connecticut Fire Ins. Co. v Erie Ry. Co.,
 
 73 NY 399;
 
 Insurer
 
 — Rights
 
 Against Third Person,
 
 Ann., 92 ALR2d 102, 124) and Aetna is entitled to recover the full amount of Aetna’s claim from Bekins which Bekins improperly paid to Smith
 
 (Hamilton Fire Ins. Co. v Greger, supra).
 
 In the present circumstances, Aetna and Be-kins are not coinsurers.
 

 Although it appears that Bekins would be entitled to reimbursement of the full $14,161.87 from Smith, since Bekins has not appealed to this court, we are unable to grant such affirmative relief
 
 (Little Joseph Realty v Town of Babylon,
 
 41 NY2d 738, 746;
 
 People v Consolidated Edison Co.,
 
 34 NY2d 646, 648). Bekins, of course, may apply at Special Term for a judgment over against Smith for the additional payment it must make to satisfy Aetna’s subrogation rights.
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
 

 Order reversed, etc.