■ CALLICOON CO-OPERATIVE INSURANCE COMPANY, Appellant, v KIPP OSBORNE et al., Respondents, et al., Defendants. [615 NYS2d 125] —Weiss, J. Appeal from an order of the Supreme Court (Williams, J.), entered August 25, 1992 in Sullivan County, which denied plaintiff's motion for summary judgment.

Plaintiff commenced this action to recover $28,000 paid to defendants Kipp Osborne and Margot Osborne, its insureds, in exchange for a subrogation receipt in satisfaction of a claim made on their homeowner's policy after their property and its contents had been demolished by a truck owned and operated by defendant Charles Gregg. At the time this action was commenced, the Osbornes also had pending a Federal civil action against Gregg in which plaintiff neither participated nor gave its consent. Ultimately, the Osbornes settled with Gregg and State Farm Insurance Company, his liability insurance carrier, for the sum of $62,000, which was in excess of the $50,000 policy limit, Gregg having paid $12,000 personally. Plaintiff avows that it consented to the settlement.

The basis of this lawsuit by plaintiff is its contention that the subrogation receipt* signed by the Osbornes as a condition to receiving the $28,000 policy limit on their homeowner's policy entitles it to repayment of the first $28,000 paid by or on behalf of the tortfeasor. In opposition, the Osbornes contend they owe nothing to plaintiff because the total of $90,000 received has not wholly covered their loss. Supreme Court, relying upon *Hamilton Fire Ins. Co. v Greger* (246 NY 162), agreed with the Osbornes and denied plaintiff's motion for summary judgment, finding that plaintiff had not demonstrated that the Osbornes received anything in excess of their actual damages. On this appeal, plaintiff contends that the facts more closely resemble those in *Aetna Cas. & Sur. Co. v Bekins Van Lines Co.* (67 NY2d 901) than found in *Hamilton Fire Ins. Co. v Greger (supra).* We disagree and affirm.

In *Aetna Cas. & Sur. Co. v Bekins Van Lines Co. (supra)* the action was brought by an insurer under its subrogation rights

---

* In relevant part the receipt states that "to the extent of said payment the undersigned hereby subrogates * * * claims * * * for the loss".

against the third-party tortfeasor, who settled with the insured with knowledge of the insurer's subrogation rights but without its consent. It was also argued that the insured's actual damages exceeded the amount received and the paying tortfeasor was a common carrier whose liability was limited by a contractually agreed-upon "released value", the sum it had paid the insured. The tortfeasor was required to make a further payment to the insurance company.

In *Hamilton Fire Ins. Co. v Gregor (supra)*, the action was by an insurance company against its own insured. After receipt of payment from his own carrier representing only a portion of his total loss, the insured brought an action against the tortfeasor which was thereafter settled. The settlement was in compromise and did not state that it constituted payment in full of the damages suffered. Accordingly, the court found that the insurance company had failed to sustain its theory that the insured had received money equitably belonging to his insurance company *(supra,* at 167). Moreover, if the tortfeasor's settlement occurred after it had learned of the subrogation right, but without the insurance company's consent, the settlement would not have destroyed the insurance company's right to proceed in a subrogation action *(see, supra,* at 167).

Accordingly, plaintiff is entitled to compensation from the Osbornes only if the Osbornes have received more than the actual amount of damages suffered at the hands of the tortfeasor. Since that remains an unresolved issue of fact on which plaintiff bears the burden of proof, Supreme Court properly denied plaintiff's motion for summary judgment.

Cardona, P. J., Crew III, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.