on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Ellerin, J. P., Ross, Rubin and Nardelli, JJ.

■ AETNA CASUALTY AND SURETY COMPANY, Appellant-Respondent, v S. SISKIND & SONS, INC., et al., Respondents-Appellants, and THOMAS BARKLEY et al., Respondents. S. SISKIND & SONS, INC., et al., Third-Party Plaintiffs-Respondents, v BARBARA J. GRUEN et al., Third-Party Defendants-Appellants. [618 NYS2d 314] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered May 17, 1993, which, *inter alia,* denied defendants-cross-appellants third-party tortfeasors' motion for summary judgment dismissing plaintiff insurer's complaint, granted plaintiff insurer's cross motion for summary judgment against defendants third-party tortfeasors, granted third-party plaintiffs third-party tortfeasors' cross motion for summary judgment against third-party defendants insureds on the issue of liability only, and directed a hearing on the issue of the extent to which the settlement proceeds paid by the third-party tortfeasors to the insureds in the underlying tort action were attributable to economic loss as opposed to pain and suffering, unanimously affirmed, without costs. Appeal from the order, same court and Justice, entered October 28, 1993, which denied third-party defendants insureds' motion for reargument, unanimously dismissed as one taken from a nonappealable order, without costs.

The IAS Court correctly held that the insurer has a right of subrogation against the third-party tortfeasors for the payment the insurer made to the insureds for extended economic loss under a no-fault policy, since the release that the insureds gave in the underlying tort action was accepted by the third-party tortfeasors after the insurer had paid the insureds and indeed after the insurer had commenced this subrogation action *(Aetna Cas. & Sur. Co. v Bekins Van Lines Co.,* 67 NY2d 901, citing, *inter alia, Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co.,* 240 NY 37, 47). *Weinberg v Transamerica Ins. Co.* (62 NY2d 379), which involved a release given by the insured before the insurer's subrogation rights arose, is not here applicable. The IAS Court correctly held that the third-party tortfeasors are entitled to reimbursement from the insureds to the extent that the settlement proceeds repre-

sented economic loss as opposed to pain and suffering *(see, Aetna Cas. & Sur. Co. v Bekins Van Lines Co., supra,* at 903). The insureds should not have to pay for their no-fault benefits out of their compensation for pain and suffering *(Aetna Cas. & Sur. Co. v Jackowe,* 96 AD2d 37, 42), but neither should they be allowed to recover twice for economic loss by retaining the entire amount of the settlement proceeds *(supra,* at 44). That some portion of the settlement may have represented economic loss is evident from the insureds' pleadings in the underlying tort action, which included allegations of such losses, and an apportionment hearing was properly directed to ascertain such portion, if any.

We have considered the remaining arguments raised by the parties and find them to be without merit. Concur—Ellerin, J. P., Asch, Rubin and Nardelli, JJ.