■ CONTINENTAL INSURANCE COMPANY, Plaintiff, v JOSEPH E. MARX COMPANY, INC., et al., Defendants. (And a Third-Party Action.) (Action No. 1.) AETNA CASUALTY & SURETY COMPANY et al., Respondents, v BERDJ M. ABADJIAN RUGS AS ART, INC., Defendant, and HOLMES PROTECTION AGENCY OF NEW YORK, INC., Appellant. (Action No. 2.) (And One Other Action.) [633 NYS2d 23] —Order, Supreme Court, New York County (Joan Lobis, J.), entered December 20, 1994, which, *inter alia*, granted the motion of plaintiff in Action No. 2, Aetna Casualty &

Surety Company ("Aetna"), to amend the caption of Action No. 2 to add Joseph E. Marx Company, Inc. ("Marx") as subrogor and denied the motion of defendant in Action No. 2, Holmes Protection Agency of New York, Inc. ("Holmes"), for summary judgment dismissal of the complaint, unanimously affirmed, with costs.

Once Aetna paid the fire damage claims for the loss incurred at the premises owned by Marx, Aetna became entitled to be subrogated to the rights which the insured had against the wrongdoer (*see, Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co.*, 240 NY 37, 47; 71 NY Jur 2d, Insurance, § 1922). Here, Aetna, the real party in interest (*ibid.*), timely instituted an action against the alleged wrongdoers, including Holmes. While Aetna inadvertently listed United Shopping Centers as its subrogor (instead of Marx, a related corporation) in the caption of the case, said mistake is not fatal to its claim against Holmes. The amendment of the caption to reflect the proper subrogor does not alter Aetna's claim, nor does it amount to a change in parties. Nor is Holmes prejudiced by such amendment since the evidence indicates that from the time Holmes entered into agreements to secure the building, Holmes was clearly aware that Marx was the owner of the premises. Hence, the court properly permitted the correction of the mistake in the caption of the lawsuit (CPLR 2001). Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Nardelli, JJ.