■ GROUP HEALTH, INC., Individually and as Subrogee of STEPHANIE L. WEAVER, Appellant, v MID-HUDSON CABLEVISION, INC., Respondent, et al., Defendant. [871 NYS2d 780]—

Mercure, J.P. Appeal from an order of the Supreme Court (Donohue, J.), entered October 9, 2007 in Columbia County, which granted defendants' motion to dismiss the complaint.

In August 2004, Stephanie L. Weaver was struck and injured by a vehicle while she was walking. The vehicle was driven by defendant Charles J. Goodman Jr. and owned by defendant Mid-Hudson Cablevision, Inc.. Plaintiff, which had issued Weaver a health insurance plan, indicates that it paid approximately $71,000 on her behalf for medical and hospital services rendered. Weaver commenced a personal injury action against defendants, ultimately settling for $2 million. The settlement agreement contained a general release of all claims that Weaver had or may have against defendants, and Weaver's agreement to "indemnify and save harmless" defendants "against any and all further claims for damages, costs, expenses and liens, including but not limited to . . . health insurance liens."

There is no dispute that defendants were aware of plaintiff's claim that it had a lien and subrogation rights prior to settlement of the personal injury action. Weaver's counsel, however, indicated to defendants that the "purported lien[ ] will be satisfied[;] . . . I and my client[ ] specifically agree to hold back sufficient funds in my escrow account and to satisfy" the lien. Moreover, the record further reveals that although Weaver's counsel informed plaintiff of the possibility that the personal injury action would be settled and notified plaintiff of the date when the "settlement hearing" would take place, he stated that the settlement would be for pain and suffering only, not damages for medical expenses. Thus, plaintiff did not attempt to

intervene in the personal injury action. After Weaver failed to satisfy plaintiff's claim, it commenced this subrogation action against defendants to recover the amount paid in connection with Weaver's medical expenses. Defendants moved to dismiss based upon the general release executed by Weaver in their favor. Supreme Court granted the motion and dismissed the complaint. Plaintiff appeals, and we now reverse.

"It is so well settled as not to require discussion that an insurer who pays claims against the insured for damages caused by the default or wrongdoing of a third party is entitled to be subrogated to the rights which the insured would have had against such third party for its default or wrongdoing . . . [and] to enforce these rights by an action in its own name and without joining the insured as a party" (*Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co.*, 240 NY 37, 47 [1925]; *accord Allstate Ins. Co. v Stein*, 1 NY3d 416, 422 [2004]; *see Teichman v Community Hosp. of W. Suffolk*, 87 NY2d 514, 521 [1996]; *Winkelmann v Excelsior Ins. Co.*, 85 NY2d 577, 581 [1995]). This doctrine of equitable subrogation must be liberally applied for the protection of its intended beneficiaries, i.e., insurers (*see Winkelmann v Excelsior Ins. Co.*, 85 NY2d at 581; *Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co.*, 240 NY at 47). Therefore, while a general release may prejudice the rights of the subrogee by extinguishing the right of subrogation (*see Weinberg v Transamerica Ins. Co.*, 62 NY2d 379, 384 [1984]; *State Farm Mut. Auto. Ins. Co. v Hertz Corp.*, 28 AD3d 643, 644 [2006]; *see also Federal Ins. Co. v Arthur Andersen & Co.*, 75 NY2d 366, 371-372 [1990]), "if the tortfeasor's settlement occurred after it had learned of the subrogation right, but without the insurance company's consent, the settlement [will] not . . . destroy[ ] the insurance company's right to proceed in a subrogation action" against the tortfeasor (*Callicoon Co-Op. Ins. Co. v Osborne*, 206 AD2d 796, 797 [1994]; *see Aetna Cas. & Sur. Co. v Bekins Van Lines Co.*, 67 NY2d 901, 903 [1986]; *Hamilton Fire Ins. Co. v Greger*, 246 NY 162, 167-168 [1927]; *Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co.*, 240 NY at 47-48; *Aetna Cas. & Sur. Co. v Siskind & Sons*, 209 AD2d 215, 215-216 [1994]; *Silinsky v State-Wide Ins. Co.*, 30 AD2d 1, 3 [1968]; *see also Allstate Ins. Co. v Mazzola*, 175 F3d 255, 260-261 [2d Cir 1999]).

Contrary to the conclusion of Supreme Court, nothing in *Allstate Ins. Co. v Stein* (*supra*) calls these settled principles into question. In *Allstate*, the Court of Appeals held that the statute of limitations in a subrogation action by an insurance company, as subrogee of an insured to whom it had paid additional

personal injury protection benefits, runs from the date of the accident, rather than the date that benefits were first paid (*Allstate Ins. Co. v Stein*, 1 NY3d at 417-418, 420-423). Regarding the insurer's argument that claims may become time-barred before the right of subrogation even exists if the limitations period begins to run from the date of the accident, the Court stated that "this sort of risk is inherent in subrogation; the subrogee acquires only the rights that the subrogor had, and so any subrogee may find its claim defeated by a defense based on the subrogor's action or inaction" (*id.* at 423). The Court explained that in such circumstances, "the subrogee's remedy is against the subrogor, for conduct that has prejudiced the subrogee's right" (*id.* at 423). Such a rule is consistent with that set forth in cases holding that an insurer may proceed against an insured that has prejudiced the insurer's subrogation rights by entering into a settlement with a third-party tortfeasor while concealing the existence of those subrogation rights (*see Hamilton Fire Ins. Co. v Greger*, 246 NY at 168; *State Farm Mut. Auto. Ins. Co. v Hertz Corp.*, 28 AD3d at 644; *see also Weinberg v Transamerica Ins. Co.*, 62 NY2d at 384). The decision in *Allstate* does not, however, overturn—or even address—the long-standing rule that a general release will not extinguish an insurer's subrogation rights against the tortfeasor when the tortfeasor did, in fact, have knowledge of those rights.

In sum, inasmuch as it is undisputed here that defendants, the third-party tortfeasors, had knowledge of plaintiff's subrogation rights, the settlement has no effect on plaintiff's right to recover against them, and Supreme Court erred in dismissing the complaint (*see Aetna Cas. & Sur. Co. v Bekins Van Lines Co.*, 67 NY2d at 903; *Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co.*, 240 NY at 47-51; *Aetna Cas. & Sur. Co. v Siskind & Sons*, 209 AD2d at 215-216; *see also Callicoon Co-Op. Ins. Co. v Osborne*, 206 AD2d at 797; *but see Progressive Ins. Co. v Sheri Torah, Inc.*, 44 AD3d 837, 838 [2d Dept 2007] [holding that, under *Allstate*, a general release will extinguish subrogation rights despite a tortfeasor's knowledge of those rights]). We do not address plaintiff's claim that defendants have a cause of action for indemnification against Weaver.

Peters, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is reversed, with costs, and motion denied.