mously affirmed, with costs, on the opinion at the Trial Term (Kennedy, J., 80 Misc 2d 472). Memorandum: We add that since there was no issue presented between respondents Ms. Dusinberre and BOCES, no determination is made respecting her tenure rights with BOCES. In view of the defense by BOCES that it should have a credit against back salary claimed by petitioner, this affirmance is without prejudice to an application by BOCES to Trial Term, if so advised, to offer proof of actual earnings by petitioner, exclusive of summer work, during the period for which BOCES is directed to pay his salary since September, 1972 and, if any are proved, for a credit thereof against its back salary obligation to petitioner (see *Matter of Lezette v Board of Educ.,* 35 NY2d 272, 283). (Appeals from judgment of Steuben Supreme Court—article 78.) Present—Marsh, P. J., Moule, Mahoney, Goldman and Witmer, JJ.

■ PAUL A. SCAVONE, Appellant, v KINGS CRAFT CORPORATION et al., Respondents. (Appeal No. 1.)—Appeal unanimously dismissed as moot. (See *Scavone v Kings Craft Corp.,* 55 AD2d 807.) (Appeal from judgment of Erie Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Mahoney, Goldman and Witmer, JJ.

■ PAUL A. SCAVONE, Appellant, v KINGS CRAFT CORPORATION et al., Respondents. (Appeal No. 2.)—Order unanimously reversed, with costs, and partial summary judgment granted in accordance with the following memorandum: A subrogated insurance carrier obtains a vested interest in any cause of action that the insured had against the wrongdoer to the extent that the insurance carrier has actually paid claims under its policy. Its rights of subrogation may not be defeated by a release to the wrongdoer granted by the insured, subsequent to the payment by the insurance carrier, provided the wrongdoer has notice of the subrogated claim *(Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co.,* 240 NY 37). There are sufficient allegations in the opposing affidavits of plaintiff's counsel (actually counsel for Hartford Insurance Company, subrogee) and the affidavit of plaintiff Scavone's personal counsel, David C. Laub, on the original motion to create a question of fact with respect to whether defendant had notice of the subrogated claim of Hartford Insurance Company prior to the execution of the releases. However, the evidence plaintiff sought to bring before the court on its motion to renew and reargue establishes beyond dispute that defendant had notice of the subrogated claim prior to the execution of the releases. Special Term incorrectly appraised the legal relevancy of the two letters from Hartford Insurance Company's counsel to defendant giving explicit notice of Hartford's subrogated claim prior to the execution of the releases and should have exercised its discretion pursuant to CPLR 2221 and permitted the motion to be reheard on the new evidence submitted (2A Weinstein-Korn-Miller, NY Civ Prac, par 2221.03). Defendant's motion to dismiss the complaint was properly treated by Special Term as a motion for summary judgment (CPLR 3211, subd [c]). While plaintiff did not cross-move for summary judgment dismissing defendant's defense of release, such relief may be granted (CPLR 3212, subd [b]). It being established on the evidence submitted by plaintiff on the motion to renew and reargue that defendant had notice of the subrogated claim of Hartford Insurance Company, the defense based upon the releases signed by Hartford's insured and asserted to preclude Hartford is dismissed and summary judgment granted plaintiff dismissing the defense of release. (Appeal from order of Erie Supreme Court —renew motion.) Present—Marsh, P. J., Moule, Mahoney, Goldman and Witmer, JJ.