■ CARL BLACHARSH, Respondent, v HARTFORD INSURANCE GROUP, Appellant. — In an action to recover additional first-party no-fault benefits, defendant appeals from an order of the Supreme Court, Nassau County (Pantano, J.), entered January 30, 1984, which denied its motion for summary judgment dismissing the complaint and granted it judgment in its favor on its counterclaim, granted partial summary judgment to plaintiff on the issue of liability, and struck the first and second affirmative defenses.

Order reversed, on the law, with costs, defendant's motion for summary judgment granted in its entirety, complaint dismissed, and matter remitted to Special Term for entry of judgment on defendant's counterclaim as provided herein.

Plaintiff was injured in a four-car accident on May 29, 1980. He brought an action against the owners and drivers of the other cars for injuries allegedly caused by the accident. Plaintiff entered into a settlement prior to trial with one driver, Peter Maresca, and signed an agreement releasing Maresca from all further liability concerning this accident. After a jury trial, a verdict was directed in favor of all remaining defendants, and the judgment entered thereon has been affirmed by this court (*Blacharsh v Paraskakis,* 103 AD2d 1046).

Plaintiff's insurer, the Hartford Insurance Group (Hartford) paid plaintiff approximately $45,000 in additional benefits for extended economic loss. However, it ceased making such payments in March, 1982, asserting that plaintiff's incapacity was

caused not by the accident, but by preexisting medical conditions. Plaintiff commenced this action against Hartford to recover the additional amounts allegedly owed. In light of our disposition of the other issues, it is unnecessary to decide the validity of this assertion.

Under plaintiff's policy, defendant Hartford was subrogated to the extent of all payments it made to plaintiff for extended economic loss. The directed verdict in the underlying action means plaintiff or its subrogee could only proceed against Maresca. Defendant Hartford asserted, as its third affirmative defense herein, that plaintiff's release prevented Hartford from suing Maresca, and thereby impaired Hartford's subrogation rights. Since plaintiff had agreed to do nothing to impair these rights, this would constitute a breach of the contract and allow defendant to withhold payments and recover payments for extended economic loss already made (*Aetna Cas. & Sur. Co. v Schulman,* 70 AD2d 792).

Plaintiff asserts that the release constituted a covenant not to sue and was thereby limited to suits by plaintiff, not his insurance company. We find no merit to this, since the insurer's rights to sue Maresca derive solely as subrogee to plaintiff's rights. The release, however denominated, was broad and general. Its sole limitation was that it released only Maresca, but not the other defendants in that action.

Special Term also erred in concluding that defendant's subrogation rights were not impaired by the settlement made (*Scinta v Kazmierczak,* 59 AD2d 313; cf. *Government Employees Ins. Co. v Halfpenny,* 103 Misc 2d 128). Unlike the action in *Halfpenny,* the tort action here clearly sought recovery of damages, *inter alia,* for lost wages and medical expenses, for which the payments at issue were made and sought. Absent any limitation in the release, and there was none here, the release was effective as to all the damages sought in the action (see *Weinberg v Transamerica Ins. Co.,* 62 NY2d 379, 381-382).

The release bars any further recovery from Maresca unless Maresca had notice of the insurer's subrogation rights at the time he made the settlement (*Silinsky v State-Wide Ins. Co.,* 30 AD2d 1). Plaintiff has failed to make any showing in opposing defendant's summary judgment motion (*Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065). He merely relies on a letter Hartford sent to Maresca's insurer on January 15, 1982, which informed the insurer that Hartford had made payment and asserted a lien on any settlement. It did not specify whether these were basic benefit payments, for which Hartford did not have subrogation rights, or other payments, for which it had

such rights. In fact, the letter's reference to a settlement of less than $50,000 tends to suggest that Hartford was concerned primarily with basic benefits. It clearly did not put Maresca's insurer, let alone Maresca, on notice of Hartford's subrogation rights.

Plaintiff has not raised an issue of fact to withstand a motion for summary judgment. Since Maresca's interest would lie in denying he received any notice of subrogation rights, it is neither necessary nor helpful to add him as a party. As no other issues remain, the complaint should be dismissed and judgment entered on the Hartford's counterclaim. Thompson, J. P., Weinstein, Brown and Boyers, JJ., concur.