■ THELMA K. LANGER, Appellant, v BEATRICE KRIVITZKY, Individually and as Executrix of PHILIP KRIVITZKY, Deceased, Respondent.—In an action to invalidate two deeds and two general releases and to recover damages grounded on fraud and forgery, the plaintiff appeals from an order of the Supreme Court, Kings County (Yoswein, J.), dated April 7, 1987, which, after a nonjury trial, directed that judgment be entered in favor of the defendant.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against her sister, the defendant, to cancel and set aside two deeds and two releases in connection with the estate of their father, Philip Krivitzky, who died in 1976. When the father's will was submitted for probate, the plaintiff filed objections. She ultimately withdrew her objections as part of a settlement on the record by the terms of which plaintiff was paid the sum of $5,350, in addition to a $10,000 legacy, and executed a general release in favor of the defendant, among others. The plaintiff subsequently commenced this action in the Supreme Court, Kings County, seeking to cancel and discharge the aforementioned release, a prior release, and to invalidate two deeds involving the real property formerly owned by her mother and later conveyed by the parties to their father. The Supreme Court (Cooper, J.), after a nonjury trial, discredited the plaintiff's "alleged lack of knowledge concerning the property and monies in dispute in this matter and concerning the effect of the general release issued by her in the Surrogate's Court" and directed that judgment be entered in favor of the defendant.

"Stipulations of settlement are favored by the courts and not lightly cast aside" *(Hallock v State of New York, 64 NY2d 224, 230; see also, Ianielli v North Riv. Ins. Co., 119 AD2d 317, 321, lv denied 69 NY2d 606)*. It appears that all the allegations raised in the Supreme Court were before the Surrogate's Court and were encompassed in the settlement *(see, Smith v*

*Russell Sage Coll.,* 54 NY2d 185; *Matter of Reed v Cohen,* 120 AD2d 598, *lv denied* 68 NY2d 608). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" *(Hallock v State of New York, supra,* at 230).

Although the trial court erred in limiting testimony pertaining to the facts and circumstances surrounding the execution of the general release and settlement of the action, this ruling was of no consequence because even assuming the allegations in the complaint concerning the Surrogate's Court stipulation of settlement to be true, the plaintiff failed, as a matter of law, to raise a ground warranting invalidation of the settlement. The sole claim was that the plaintiff was unaware of the extent and nature of her father's assets. However, in her testimony before the Supreme Court, she admitted that she was present at the reading of her father's will, and there was no allegation that the defendant affirmatively misrepresented the assets of the estate. Moreover, the record reveals that the plaintiff's counsel voluntarily withdrew his request to call as a witness at trial the attorney who represented the plaintiff in the Surrogate's Court.

In addition, we agree with the Supreme Court that the challenge to the general release issued in the Surrogate's Court was undermined by the fact that the plaintiff is a mature, college-educated professional who lived with or near her father most of his life and who was fully represented by counsel in the Surrogate's Court.

We have considered the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Spatt and Balletta, JJ., concur.