■ L & K HOLDING CORP., Appellant, v TROPICAL AQUARIUM AT HICKSVILLE, INC., Doing Business as TROPICAL SHOWCASE, Respondent. (Action No. 1.) MERCHANTS AND BUSINESS MEN'S MUTUAL INSURANCE COMPANY, Respondent, v L & K HOLDING

CORP., Appellant. (Action No. 2.) [596 NYS2d 468] —In an action to recover damages arising from a fire (Action No. 1), and an action for reimbursement of moneys paid out pursuant to an insurance policy (Action No. 2), L & K Holding Corp. appeals from a judgment of the Supreme Court, Nassau County (Collins, J.), entered March 26, 1991, which is in favor of the plaintiff Merchants and Business Men's Mutual Insurance Company and against the appellant in the sum of $43,943.44.

Ordered that the judgment is affirmed, with costs.

L & K Holding Corp. (hereinafter L & K) is the landlord of commercial property in Hicksville, New York. Tropical Aquarium at Hicksville, Inc. (hereinafter Tropical) rented commercial space from L & K to operate a pet store, while Merchants and Business Men's Mutual Insurance Company (hereinafter Merchants) is L & K's insurer. In September of 1988 there was a fire at Tropical's pet store, and L & K sought coverage for the fire from Merchants, who paid L & K $51,123.19 to cover losses. In return, L & K executed two loan receipts which subrogated its right to recover damages arising from the fire to Merchants and covenanted that L & K had not and would not execute a release or settle any claims against third parties who might be liable for any of the damages. However, when Merchants subsequently commenced Action No. 1 against Tropical (suing in the name L & K) to recover damages for breach of the lease and negligence, Tropical interposed as a defense a release signed by L & K which released Tropical from all liability under the lease, including liability arising from the fire. This release was executed after the fire but before the loan receipts were executed. Upon discovery of the release, Merchants commenced Action No. 2 against L & K to recover damages for breach of the loan receipts and breach of their insurance contract, seeking to recover the policy proceeds paid to L & K. L & K, asserting that the release between it and Tropical pertained to an unrelated matter concerning alteration of the leased premises and alleging that certain language in the release specific to the fire had been added after L & K executed the release, commenced a third-party suit in Action No. 2 against Tropical seeking indemnity. Holding that the release of Tropical by L & K was a breach of both the loan receipts and the insurance policy with Merchants, the Supreme Court awarded Merchants summary judgment in Action No. 2.

On appeal, L & K argues that summary judgment should not have been awarded to Merchants because there existed a

question of fact as to the intent of L & K and Tropical when they entered into the release, and that the release was intended to cover only an unauthorized staircase installed in the leased premises by Tropical and not the fire. However, as a general rule, when a release is clear and unambiguous on its face and knowingly and voluntarily entered into, it will be enforced as a private agreement between the parties *(see, Mangini v McClurg,* 24 NY2d 556; *Thailer v LaRocca,* 174 AD2d 731; *Appel v Ford Motor Co.,* 111 AD2d 731; *Touloumis v Chalem,* 156 AD2d 230). A release will not be treated lightly and will be set aside by a court only for duress, illegality, fraud, or mutual mistake *(see, Mangini v McClurg, supra,* at 563; *Touloumis v Chalem, supra; Matter of O'Hara,* 85 AD2d 669). In the absence of these factors, if the language of the waiver is clear and unambiguous, the claim by one party that it intended something else is insufficient to vitiate the waiver's force and effect *(see, Thailer v LaRocca, supra; Langer v Krivitzky,* 147 AD2d 687). Here, documentary proof militates against court intervention. The release post-dated the fire (noted in correspondence from L & K to Tropical in which L & K discusses damage to the store), a letter from L & K stated that Tropical was released from "all further obligations" to L & K, and the release itself is broadly worded. Consequently, we conclude that even in the absence of language which was allegedly added to the release without L & K's authorization, the release is otherwise clear and unambiguous and was voluntarily entered into by persons with legal knowledge and expertise. L & K's claim that it intended something else does not raise an issue of fact.

This release prejudiced the subrogation rights of Merchants pursuant to the terms of the insurance policy. Further, L & K warranted in the loan receipts that it made no settlements with any party against whom a claim may lie, and thus is in breach of its warranty. Consequently, L & K must return the proceeds to Merchants *(see, Weinberg v Transamerica Ins. Co.,* 62 NY2d 379; *Record v Royal Globe Ins. Co.,* 83 AD2d 154; *Sinicropi v McCabe,* 125 AD2d 562; *State Farm Mut. Auto. Ins. Co. v Taglianetti,* 122 AD2d 40; *Blacharsh v Hartford Ins. Group,* 104 AD2d 839; *Aetna Cas. & Sur. Co. v Schulman,* 70 AD2d 792).

In view of the foregoing, we need not reach L & K's contention that Tropical's attorney should have been disqualified. Eiber, J. P., O'Brien, Ritter and Copertino, JJ., concur.