■ NATIONWIDE INSURANCE COMPANY, as Subrogee of ELEANOR USEOF, Respondent, v FELICE MOCCHIA, Appellant. [663 NYS2d 640] —In a subrogation action to recover insurance benefits paid to the plaintiff's insured, the defendant appeals from an order of the Supreme Court, Westchester County (Fredman, J.), entered September 12, 1996, which denied her motion for summary judgment dismissing the complaint on the ground that the plaintiff's insured executed a release in favor of the defendant.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On March 31, 1992, the plaintiff's insured sustained personal injuries in an automobile accident with the defendant. On or about August 5, 1992, the plaintiff paid its insured $6,000 pursuant to a provision of its policy allowing elective coverage known as "additional personal injury protection benefits". There is no evidence that the plaintiff notified the defendant or the defendant's insurance carrier of that payment, or of the plaintiff's right of subrogation for that payment.

On September 10, 1993, the plaintiff's insured settled her claim against the defendant for $25,000 and signed a general release. In October 1994, the plaintiff, as subrogee of its insured, commenced the instant action against the defendant to recover the $6,000 payment. After issue was joined, the defendant moved for summary judgment based upon the general release. The plaintiff, in opposition, asserted that the general release was not a bar to its claim because, at the time the general release was executed, the defendant "knew or possessed information which reasonably pursued would have given it knowledge" of the plaintiff's subrogation rights with respect to the $6,000 payment (see, Ocean Acc. & Guar. Corp. v Hooker ElectroChemical Co., 240 NY 37, 47). The thrust of the plaintiff's argument was that the defendant was aware of the plaintiff's status as the automobile insurance carrier for the other party to the accident and therefore had constructive notice of any of its subrogation rights at the time she accepted the release. The Supreme Court agreed, and denied the motion for summary judgment. We disagree.

The plaintiff's right of subrogation only arose upon payment of the claim for additional personal injury protection benefits (see, Winkelman v Excelsior Ins. Co., 85 NY2d 577, 582). There is no evidence that, at the time the plaintiff's insured reached settlement with the defendant and signed a general release, the defendant was aware of payment, or even of a claim for payment (see, Scavone v Kings Craft Corp., 55 AD2d 807). Fur-

ther, since the provision in the plaintiff's policy which allowed for additional personal injury protection benefits was elective, notice to the defendant of the plaintiff's status as automobile insurance carrier of the other party to the accident did not even give the defendant notice that such coverage existed. Under the circumstances, the defendant did not know or have reason to know of the plaintiff's subrogation rights at the time she entered into the settlement (*see, Blacharsh v Hartford Ins. Group,* 104 AD2d 839; *Aetna Cas. & Sur. Co. v Schulman,* 70 AD2d 792, 793; *Hartford Ins. Group v Posen,* 134 Misc 2d 334, 336; *Aetna Cas. & Sur. Co. v Norwalk Foods,* 125 Misc 2d 986). O'Brien, J. P., Thompson, Friedmann and Goldstein, JJ., concur.