■ TRAVELERS PROPERTY CASUALTY, Appellant, v ANTHONY GIORGIO, Respondent. [803 NYS2d 614]—

In a subrogation action to recover certain damages paid by the plaintiff to its insureds, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered April 16, 2003, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint is denied, and the complaint is reinstated.

On December 28, 1998, Anthony Roffi and Deborah Roffi (hereinafter the insureds) purchased certain real property (hereinafter the property) from the defendant. Subsequent thereto, water accumulation and flooding allegedly damaged the property. On August 14, 1999, following Hurricane Floyd, the insureds allegedly sustained additional damage from flooding, and filed a claim with the plaintiff for the loss sustained by them. As a result thereof, the plaintiff paid the insureds the sum of $54,321.76 and became subrogated to the insureds' "rights, claims and interest . . . against any person . . . for the loss mentioned above."

In October 1999 the insureds commenced an action against the defendant and others. In October 2000 the plaintiff, as subrogee of the insureds, commenced the instant action to recover the sum of $54,321.76 that it paid to the insureds. In October 2001 the insureds settled their separate action with the defendant and signed a general release. Thereafter, the defendant moved, inter alia, for summary judgment dismissing the

complaint in the instant action. The Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. We reverse.

Contrary to the defendant's contention, in opposition to that branch of his motion which was for summary judgment dismissing the complaint, the plaintiff demonstrated the existence of a factual question on the issue of whether the defendant had notice of the plaintiff's subrogation rights at the time of the execution of the release (see Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co., 240 NY 37, 46 [1925]; United Healthcare Serv. Corp. v Schaumburg, 275 AD2d 410, 411 [2000]; Silinsky v State-Wide Ins. Co., 30 AD2d 1, 3-4 [1968]; cf. Nationwide Ins. Co. v Mocchia, 243 AD2d 692 [1997]; Blacharsh v Hartford Ins. Group, 104 AD2d 839 [1984]). Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment.

The defendant's contention at oral argument that the Court of Appeals in Weinberg v Transamerica Ins. Co. (62 NY2d 379 [1984]) abrogated the notice requirement discussed, supra, is without merit (id. at 384 n 4). Florio, J.P., Schmidt, Luciano and Rivera, JJ., concur.