STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as Assignee of EDWARD BRADLEY, Plaintiff, v HERTZ CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents. ARYEH WEINREB, Third-Party Defendant-Appellant. [813 NYS2d 513]—

In a subrogation action to recover certain damages paid by the plaintiff to its insured, the third-party defendant, Aryeh Weinreb, appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dorsa, J.), dated October 1, 2004, as denied his motion to dismiss the third-party complaint pursuant to CPLR 3211 (a) (5).

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable to the third-party defendant-appellant, the motion is granted, and the third-party complaint is dismissed.

On July 9, 2000 the plaintiff's insured, Edward Bradley, sustained personal injuries in an automobile accident with Aryeh Weinreb, the third-party defendant. The plaintiff paid Bradley approximately $35,000 pursuant to a provision of its policy allowing additional personal injury protection benefits (hereinafter A-PIP). There is no evidence that the plaintiff notified Weinreb's insurance carrier of that payment, or of the plaintiff's right of subrogation for that payment. Indeed, there is no evidence of any claim ever made by the plaintiff against Weinreb for subrogation.

On June 24, 2003 Bradley settled his underlying personal injury claims against Weinreb and the defendants, who owned and drove, respectively, another car that was involved in the accident, and Bradley signed a general release of "all . . . claims."

On May 30, 2003 the plaintiff, as Bradley's subrogee, commenced this action against the defendants to recover the A-PIP payment. The defendants then brought a third-party action against Weinreb for indemnification. Weinreb moved to dismiss the third-party complaint pursuant to CPLR 3211 (a) (5) on the ground of release. The plaintiff, in opposition to the defendants' cross motion for similar relief based on the general release that Bradley gave Weinreb, asserted that the general release was not a bar to its claim because, at the time the general release was executed, Weinreb knew or possessed information which, reasonably pursued, would have given it knowledge of the plaintiff's subrogation rights with respect to the A-PIP payment (*see Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co.*, 240 NY 37 [1925]). The thrust of the plaintiff's argument was that Weinreb was aware of the plaintiff's status as the automobile insurance carrier for the other party to the accident, and, therefore, had constructive notice of its subrogation rights at the time he accepted the release. The Supreme Court agreed and denied Weinreb's motion to dismiss the third-party complaint. We disagree.

The plaintiff's right of subrogation only arose upon payment of the claim for A-PIP benefits (*see Winkelmann v Excelsior Ins. Co.*, 85 NY2d 577, 581, 582 [1995]). The plaintiff, via the extrinsic evidence submitted on the motion, established that the general release, executed in connection with the underlying personal injury action, was intended to cover the subject matter of the action. There is no evidence that, at the time the plaintiff's insured reached settlement with Weinreb and signed the general release, Weinreb was aware of the plaintiff's payment of A-PIP benefits, or of any claim against Weinreb for such payment such that the release would not have barred the subrogation claim (*see Nationwide Ins. Co. v Mocchia*, 243 AD2d 692 [1997]; *Scavone v Kings Craft Corp.*, 55 AD2d 807 [1976]). Under the circumstances, Weinreb did not know or have reason to know of the plaintiff's subrogation rights at the time he entered into the settlement (*see Nationwide Ins. Co. v Mocchia, supra; cf. Aetna Cas. & Sur. Co. v Schulman*, 70 AD2d 792, 793 [1979]; *Scavone v Kings Craft Corp., supra; Aetna Cas. & Sur. Co. v Norwalk Foods*, 125 Misc 2d 986 [1984]). At best, the defendants third-party plaintiffs' claim of notice to Weinreb is speculative. Therefore, the Supreme Court should have granted Weinreb's motion to dismiss the third-party complaint. Insofar as Weinreb is concerned, Bradley impaired the plaintiff's right of subrogation against him (*see Ziegler v Raskin*, 100 AD2d 814, 815 [1984]). It is noteworthy that the plaintiff has not sued Weinreb on its subrogation claim.

Weinreb's remaining contentions are unpreserved for appellate review and, in any event, are academic in light of our determination. Crane, J.P., Krausman, Rivera and Dillon, JJ., concur.