Progressive Insurance Company, as Subrogee of Arye Weiner, Respondent, v Sheri Torah, Inc., et al., Appellants.
[847 NYS2d 90]—

In a subrogation action to recover insurance benefits paid on behalf of the plaintiff's insured, the defendants appeal from an order of the Supreme Court, Orange County (Slobod, J.) dated August 30, 2006, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (3), and (7).

Ordered that the order is reversed, on the law, with costs, and the motion to dismiss the complaint is granted.

In 2004 the plaintiff Progressive Insurance Company (hereinafter Progressive) was the underwriter of a motor vehicle insurance policy on behalf of its insured Arye Weiner. On December 31, 2004 Arye Weiner's son, the infant Moshe Weiner (hereinafter Moshe), was severely injured after alighting from a school bus owned by the defendant Sheri Torah, Inc., and driven by the defendant Chaim Kohn (hereinafter together the defendants), when Kohn drove the bus over Moshe's torso and legs. As a result of the motor vehicle accident, Progressive paid, on behalf of its insured, the sum of approximately $85,000 to medical and health care providers pursuant to an endorsement to its policy for additional personal injury protection (hereinafter APIP) benefits. Progressive orally notified the defendants' insurance carrier of its right of subrogation for that payment.

In 2005 Arye Weiner tentatively settled his and Moshe's underlying personal injury claims against the defendants. On or about September 13, 2005 Progressive was notified that Arye Weiner had submitted an infant compromise application to the Supreme Court. On or about November 30, 2005 Progressive was notified that the Supreme Court scheduled a hearing on the proposed infant compromise order. After the court approved the infant compromise order, Arye Weiner executed a settlement agreement and general release on January 19, 2006, purportedly releasing the defendants from further liability. On or about January 23, 2006, Progressive, as subrogee of Arye Weiner, com-

menced the instant action against the defendants to recover the APIP benefits it had paid, claiming lack of notice and an improper waiver. The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (3), and (7), primarily on the ground that the general release executed by Arye Weiner barred the action. Progressive, in response, asserted that the general release was not a bar to its cause of action because, at the time the general release was executed, the defendants knew of its subrogation rights with respect to the APIP payments. The Supreme Court agreed, and denied the defendants' motion to dismiss the complaint. We reverse.

When an insured executes a general release in favor of a tortfeasor without reserving the rights of his or her insurer, the insured impairs the insurer's right of subrogation (see *Weinberg v Transamerica Ins. Co.*, 62 NY2d 379, 381-382 [1984]; *State Farm Mut. Auto. Ins. Co. v Hertz Corp.*, 28 AD3d 643, 644 [2006]; *Ziegler v Raskin*, 100 AD2d 814 [1984]; *Aetna Cas. & Sur. Co. v Schulman*, 70 AD2d 792, 793 [1979]). Arye Weiner, upon his execution of the unrestricted settlement agreement and release, released forever the defendants from any past and future liability to him arising from the underlying accident. Since Progressive, as Arye Weiner's subrogee, stands in the shoes of Arye Weiner, Progressive has no greater rights than he does (see *Allstate Ins. Co. v Stein*, 1 NY3d 416, 423 [2004]). Hence, that release shields the defendants from any liability to Progressive as subrogee of Arye Wiener.

Progressive's plight here appears to have resulted from its own failure to participate in, or object to, the duly-noticed infant compromise hearing and to "insist on the resolution of its subrogation claim against the tortfeasor for APIP payments as part of a global settlement of the personal injury claims" (*Walker v Stein*, 305 AD2d 972, 975 [2003], *affd sub nom. Allstate Ins. Co. v Stein*, 1 NY3d 416, 423 [2004]). Insofar as the defendants are concerned, Arye Weiner fatally impaired Progressive's right of subrogation against them (see *Federal Ins. Co. v Arthur Andersen & Co.*, 75 NY2d 366, 372 [1990]; *State Farm Mut. Auto. Ins. Co. v Hertz Corp.*, 28 AD3d at 644). In such a case, Progressive's remedy is against its subrogor for any conduct which may have prejudiced its subrogation rights (see *Allstate Ins. Co. v Stein*, 1 NY3d at 423; *State Farm Mut. Auto. Ins. Co. v Hertz Corp.*, 28 AD3d at 644). Accordingly, the defendants' motion to dismiss the complaint should have been granted. Rivera, J.P., Covello, Balkin and McCarthy, JJ., concur.