■ DAIMLER CHRYSLER INSURANCE COMPANY, Appellant, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE CO., Respondent. [5 NYS3d 10]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered April 12, 2013, which denied plaintiff's motion for summary judgment on its claim for defense costs expended in the underlying personal injury action, and granted defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The underlying personal injury action was discontinued by stipulation, to which plaintiff's insured was a signatory, agreeing that all cross claims between the defendants in that action were "discontinued and waived." The stipulation contained no reservation of any insurer's subrogation rights (*see Weinberg v Transamerica Ins. Co.*, 62 NY2d 379, 381-382 [1984]; *Ziegler v Raskin*, 100 AD2d 814 [1st Dept 1984], *appeal dismissed* 65 NY2d 925 [1985]). Thus, plaintiff, as subrogee of its insured, standing in its insured's shoes and having no greater rights than its insured has, may not assert a subrogation claim against defendant (*see Progressive Ins. Co. v Sheri Torah, Inc.*, 44 AD3d 837, 838 [2d Dept 2007]).

Plaintiff's claim is also time-barred, because plaintiff is seeking common-law subrogation relief, and the statute of limitations on the underlying personal injury cause of action (three years) commenced to run as of the date of the accident (*see* General Construction Law § 20; *Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36, 43 [1995]; CPLR 214 [5]; *cf. Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 221 [1996] [subrogation rights created by no-fault statute commenced on date benefits were paid]).

Although defendant informed plaintiff six months before the limitations period expired that the lessee had failed to name plaintiff's insured as an additional insured on his personal automobile insurance policy and that plaintiff's insured was afforded coverage under the policy as a loss payee only, plaintiff did not assert a breach of contract claim against the lessee, or bring a declaratory judgment action against defendant or a subrogation action until well after the time to do so had expired (*see Allstate Ins. Co. v Stein*, 1 NY3d 416, 423 [2004]).

Thus, even if plaintiff were, as it contends, an additional insured solely by operation of the terms of the policy issued by defendant, and without reference to the terms of the lease, it could not assert a subrogation claim because its time to do so has expired. Concur—Friedman, J.P., Sweeny, Andrias, Moskowitz and DeGrasse, JJ.