State Farm Mutual Automobile Insurance Company, as Subrogee of Karen Kelly, Appellant, 
against
Knish Hacking Corp., Respondent, -and- Batos Andrzej, Defendant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Willaim A. Viscovich, J.), entered November 7, 2014. The order, insofar as appealed from as limited by the brief, granted the branch of a motion by defendant Knish Hacking Corp. seeking to open its default in answering the complaint.




ORDERED that the order, insofar as appealed from, is reversed, without costs, and the branch of the motion by defendant Knish Hacking Corp. seeking to open its default in answering the complaint is denied.
In August 2011, plaintiff's subrogors commenced a personal injury action against defendants, following a May 18, 2010 automobile accident involving a vehicle owned or operated by defendants. Defendants retained counsel, who interposed an answer. In March 2013, plaintiff commenced this action for equitable subrogation to recover "additional no fault PIP benefits" (APIP) it had paid, and defendants retained the counsel they had previously retained, to defend them. According to counsel, the case was referred to an associate, who took no action in the matter before departing her employment in January of 2014, notwithstanding that a notice of inquest had been filed in June of 2013. The case was then assigned to another attorney, who negotiated unsuccessfully with plaintiff to permit an untimely answer. In March 2014, plaintiff's subrogors settled their action with defendants and executed a comprehensive release which made no reference to plaintiff's subrogation rights or to plaintiff's pending APIP action. In that month, the attorney to whom the case had been reassigned left her employment. Upon her return seven months later, that attorney informed a third attorney, "the current handling attorney," who likewise had taken no action in the case, of the status of the case, whereupon, in October 2014, defense counsel moved on behalf of Knish Hacking Corp. (defendant) to open the default and to dismiss the complaint. As limited by its brief, plaintiff appeals from so much of an [*2]order of the Civil Court as granted the branch of the motion seeking to open the default.
To open its default in answering the complaint, defendant was required to demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Betz v Carbone, 126 AD3d 743, 744 [2015]). Defense counsel asserts "law office failure" as the explanation for the default, and the release as the meritorious defense. While "the court has discretion to accept law-office failure as a reasonable excuse" (Vardaros v Zapas, 105 AD3d 1037, 1038 [2013]), the facts herein are inadequate to permit a finding that the failure represents an excuse that is reasonable. Defense counsel's "bare allegations of neglect" are insufficient to justify the delay (id.). The neglect of the action, totaling over a year, was not by a single attorney representing an isolated episode but a pattern of dereliction, by more than one counsel, resulting first in a several months' failure to file an answer, followed by the failure of a second attorney for a comparable period prior to the motion involved herein to open the default. "[W]hile CPLR 2005 allows courts to excuse a default due to law office failure, it was not the Legislature's intent to routinely excuse such defaults, and mere neglect will not be accepted as a reasonable excuse' " (Alberton Devs., Inc. v All Trade Enters., Inc., 74 AD3d 1000, 1001 [2010], quoting Ortega v Bisogno & Meyerson, 38 AD3d 510, 511 [2007]). Given the pattern of delay and the "serious lack of concerned attention to the progress of this action" (Lauro v Cronin, 184 AD2d 837, 839 [1992]), the neglect cannot be excused.
Even were the law office failure alleged herein deemed sufficient to qualify as a reasonable excuse for the default, defendant failed to establish a potentially meritorious defense. Although a release in favor of a tortfeasor that does not reserve the insurer's subrogation may, in certain circumstances, "shield[] the defendants from any liability to [the subrogee]" (Progressive Ins. Co. v Sheri Torah, Inc., 44 AD3d 837, 838 [2007]; see Daimler Chrysler Ins. Co. v New York Cent. Mut. Fire Ins. Co., 125 AD3d 518, 519 [2015]; Walker v Stein, 305 AD2d 972, 974 [2003], affd sub nom. Allstate Ins. Co. v Stein, 1 NY3d 416 [2004]), it is well settled that "[o]nce an insurer has paid a claim and the tortfeasor knows or should have known that a right to subrogation exists, the wrongdoer and the insured cannot agree to terminate the insurer's claim without its consent and such an agreement cannot be asserted as a defense to the insurer's cause of action" (Fasso v Doerr, 12 NY3d 80, 88 [2009]; see Group Health, Inc. v Weaver, 58 AD3d 1029, 1030 [2009]; New York Cent. Mut. Fire Ins. Co. v Hildreth, 40 AD3d 602, 607 [2007]; State Farm Mut. Auto. Ins. Co. v Hertz Corp., 28 AD3d 643, 644 [2006]; Nationwide Ins. Co. v Mocchia, 243 AD2d 692, 693-694 [1997]). Here, defense counsel was fully aware of the pending claim for equitable subrogation. Thus, there is no genuine issue of fact to support the only defense interposed, and the motion to open the default should have been denied (cf. Travelers Prop. Cas. v Girgio, 21 AD3d 1086, 1087 [2005]; United Healthcare Serv. Corp. v Schaumburg, 275 AD2d 410, 411 [2000]).
Accordingly, the order, insofar as appealed from, is reversed and the branch of the motion by defendant Knish Hacking Corp. seeking to open its default in answering the complaint is denied.
Pesce, P.J., Weston and Elliot, JJ., concur.
Decision Date: June 21, 2016