State Farm Fire & Cas. Co. v Moving & Stor., Inc. (2024 NY Slip Op 24076)

[*1]

State Farm Fire & Cas. Co. v Moving & Stor., Inc.

2024 NY Slip Op 24076

Decided on March 11, 2024

Supreme Court, Bronx County

Hummel, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 11, 2024
Supreme Court, Bronx County

State Farm Fire & Casualty Company A/S/O K&B GLOBAL CORP., Plaintiff,

against
Moving & Storage, Inc., Defendant.

Inex No. 805366/2021e

Plaintiff
Stuart David Markowitz
Firm Name: LAW OFFICES OF STUART D MARKOWITZ, P.C. 
Address: 575 Jericho Tpke Ste 210, Jericho, NY 11753 
Phone: (516) 935-3500 Fax: (516) 935- 3599 
Service E-mail: smarkowitz&commat;markowitz-law.com Other E-mails: cbarkoff&commat;markowitz-law.com
Defendant-Daniel E. O'Neill
Ondrovic, Hurley, & Platek, PLLC.
303 Old Tarrytown Road, White Plains, NY 10603
914-821-5300
Daniel.oneill&commat;ondrovicplateklaw.com

Veronica G. Hummel, J.

In accordance with CPLR 2219(a), the decision herein is made upon consideration of all of the papers filed by the parties in NYSCEF in connection with defendant MOVING & STORAGE, INC.'S motion ("Moving & Storage") (Seq. No. 1) seeking an order, pursuant to CPLR 3212, granting defendant summary judgment dismissing the complaint of plaintiff STATE [*2]FARM FIRE & CASUALTY COMPANY A/S/O K & B GLOBAL CORP. ("State Farm" and "K&B").
The facts in this matter are largely undisputed. This action seeks monetary damages for property damage that resulted from a fire that occurred on May 4, 2020, inside of a building located at 311 Bruckner Boulevard, Bronx, NY ("the Warehouse").
Defendant Moving & Storage rented space in the Warehouse. Moving & Storage was insured by Selective Insurance Company of America ("Selective").
Plaintiff K&B is owned by Habiboulaye Balde. K&B rented space in an office and warehouse adjoining the Warehouse. K&B stored large quantities of merchandise in its space. K&B was insured by State Farm.
The fire started in Moving & Storage's space and spread to the area that was rented by K&B. As the result of the fire, K&B's merchandise sustained significant damage. K&B filed a claim based on the fire damage with its insurer State Farm. State Farm paid $217, 143.63 to K&B on the claim.
A group inspection of the damaged property took place on June 10, 2020 ("the June 2020 Inspection"). There were at least twelve attendees at the June 2020 Inspection. The various individuals served different roles (fire inspector, architect, photographer, unidentified). At least some of those present signed an attendance sheet ("the Attendance Sheet") which includes the name of the entity or person each represented. The sheet lists representatives for, among others, Chubb Insurance, Pure Insurance, New York County, Traveler's Insurance, Selective, State Farm, General Contractor, Building Owner, and general photographer. Included in the group was James J. Magovern an investigator retained by Selective ("Selective's Investigator"), and State Farm's investigator Thomas Karn ("State Farm's Investigator"). 
The State Farm Investigator submits an affidavit on the motion. In terms of the June 2020 Inspection, he avers that he saw the Selective Investigator at the inspection. He claims that the Selective Investigator drafted the Attendance Sheet, in which he recorded every representative present for the joint inspection. The State Farm Investigator further avers that the Selective Investigator "was fully aware that State Farm was the insurance carrier for K&B Global and that a claim had been placed with State Farm by K&B Global in regard to the fire, as I signed off on [the Selective Investigator's] attendance sheet."
On May 7, 2020, June 10, 2020, and October 12, 2020, the State Farm Investigator conducted physical inspections of the damage at the property to determine the origin and cause of the fire. He concluded, in sum and substance, that the fire was caused by Moving & Storage's negligence.
On or about August 26, 2020, State Farm sent a letter to Traveler's Insurance Company notifying it of State Farm's subrogation rights. Of import, it is undisputed that State Farm never sent a notice of its subrogation rights in connection with the incident to Moving & Storage's insurer, Selective.
On November 16, 2020, after multiple conversations between a Selective representative and the owner of K&B, Selective and K&B entered into a settlement of K&B's claims against Moving & Storage and the parties executed a release ("the Release"). The Release between Selective and K&B releases and discharges Selective and Moving & Storage from any and all liability claims, including those that may be submitted by an insurance carrier for K&B's behalf and does not reserve State Farm's rights.
On the motion, Selective's complex claims specialist ("the Selective Specialist") submits [*3]an affidavit. In the affidavit she avers that on November 16, 2020, Selective and K&B entered into the Release for the amount of $92,424.24. In exchange for the payment, K&B agreed to release all claims it or any insurance company on its behalf had or would ever have against both Selective and Moving & Storage.
The Selective Specialist further avers that she did not receive any letters or other notifications from State Farm notifying Selective of its subrogation rights prior to the Release being signed. Selective' s first notice of State Farm's right to subrogation was approximately six months after the Release. The specialist completed an exhaustive search of Selective's files and did not locate any prior notices or letters from State Farm regarding the matter.
Four months after the execution of the Release, State Farm sent a letter to Moving & Storage advising Moving & Storage of State Farm's subrogation rights.
On April 19, 2021, State Farm commenced this action against Moving & Storage. It is uncontroverted that the first written notice that Selective received of State Farm's subrogation rights was the summons and complaint served on Selective on May 3, 2021.
In its complaint, State Farm alleges that, prior to May 4, 2020, it issued an insurance policy to its subrogor K&B, insuring K&B against property damages and related expenses. Pursuant to that insurance policy, State Farm made payments to K&B for claims submitted for damages to property caused by the fire. As a result of such payments, State Farm is subrogated to the rights of K&B as against all entities and corporations responsible for fire damage. As Moving & Storage caused the fire, State Farm now seeks $217,143.63 ,together with interest from May 4, 2020, from Moving & Storage.
In its answer, Moving & Storage alleges that it received a binding general release from K&B for the damages alleged in the complaint and that the Release was in full accord and satisfaction of all claims that were or could have been asserted against Moving & Storage. Defendant Moving & Storage now moves for summary judgment dismissing the complaint based on the Release.
In support of the motion, defendant submits an attorney affirmation, a statement of material facts, copies of correspondence, the Release, the pleadings, the deposition transcript of the owner of K&B, and the affidavit of the Selective Specialist. Defendant also submits an attorney affirmation in reply.
In opposition, plaintiff submits an attorney affirmation, deposition transcripts, the affidavit from the Selective Investigator, an investigator report, the Attendance Sheet, and a counterstatement of material facts.
Oral argument on the motion was held before the Court on January 31, 2024. For the reasons discussed below, the motion for summary judgment dismissing the complaint is GRANTED.
"Since New York established its summary judgment procedure in 1921, summary judgment has proven a valuable, practical tool for resolving cases that involve only questions of law. Summary judgment permits a party to show, by affidavit or other evidence, that there is no material issue of fact to be tried, and that judgment may be directed as a matter of law, thereby avoiding needless litigation cost and delay. Where appropriate, summary judgment is a great benefit both to the parties and to the overburdened New York State trial courts (internal citation omitted)." Brill v. City of New York, 2 NY3d 648 (2004).
Of course, the "proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering evidence sufficient to eliminate [*4]any material issues of fact from the case." Winegrad v. NY Univ. Med. Ctr., 64 NY2d 851, 853 (1985). Upon such a showing, the burden then shifts to the nonmovant to present evidentiary facts in admissible form sufficient to raise a genuine, triable issue of fact. Zuckerman v. City of New York, 49 NY2d 557 (1980); Mazurek v. Metro. Museum of Art, 27 AD3d 227, 228 (1st Dep't 2006).
When deciding a summary judgment motion, a court's role is solely to determine if any triable issues exist, not to determine the merits of any such issues. Sillman v. Twentieth Century-Fox Film Corp., 3 NY2d 395 (1957). In making this determination, the court must view the evidence in the light most favorable to the party opposing the motion, and it must give that party the benefit of every inference that can be drawn from the evidence. Jenack Estate Appraisers & Auctioneers, Inc. v. Rabizadeh, 22 NY3d 470, 475 (2013); Vega v. Restani Constr. Corp., 18 NY3d 499 (2012). If there is any doubt as to the existence of a triable issue, summary judgment should be denied. Rotuba Extruders, Inc. v. Ceppos, 46 NY2d 223, 231 (1978).
It is well established that when an insurer such as State Farm pays claims against the insured for damages caused by a third party, the insurer is entitled to be subrogated to the rights which the insured would have had against such third party for its default or wrongdoing. Fasso v. Doerr, 12 NY3d 80 (2009); Group Health, Inc. v. Mid-Hudson Cablevision, Inc., 58 AD3d 1029 (3d Dep't 2009). The right of subrogation, however, can be extinguished when an insured settles with the third party who has no knowledge of the insurer's subrogation rights. Group Health, Inc. v. Mid-Hudson Cablevision, supra; Travelers Property Cas. v. Giorgio, 21 AD3d 1086 (2d Dep't 2005); see Allstate Ins. Co. v. Mazzola, 175 F.3d 255 (2d Cir. 1999). As such, the insurer's right of subrogation against such third party may be defeated where the insured expressly releases that party from any liability for the loss. Olin Corporation v. Insurance Company of North America, 218 F.Supp.3d 212 (S.D.NY 2016); see Travelers Property Cas. v. Giorgi, supra; L&K Holding Corp. v. Tropical Aquarium at Hicksville, Inc., 192 AD2d 643 (2d Dep't 1993). Here, as the insured executed the Release without reserving the rights of State Farm, absent some exception, the insured impaired State Farm's right of subrogation. see Navigators Insurance Company v. Ironshore Indemnity, Inc., 156 AD3d 426 (1st Dep't 2017); Daimler Chrysler Ins. Co. v. New York Cent. Mut. Fire Ins. Co., 125 AD3d 518 (1st Dep't 2015); Progressive Ins. Co. v. Sheri Torah, Inc., 44 AD3d 837 (2d Dep't 2007); State Farm Mu. Auto. Ins. Co. v. Garda CL Atlantic, Inc., 2016 WL 7337212 (Sup. Ct. Rockland County 2016).
A release does not extinguish an insurer's subrogation rights against the tortfeasor, however, when the tortfeasor had knowledge of those rights or the defendant knew or possessed information which reasonably pursued would have given it knowledge of the plaintiff's subrogation rights. Group Health, Inc. v. Mid-Hudson Cablevision, Inc., supra; State Farm Mut. Auto. Ins. Co. v. Hertz Corp., 28 AD3d 643 (2d Dep't 2006); Nationwide Ins. Co. v. Mocchia, 243 AD2d 692 (2d Dep't 1997). An insurer maintains its subrogation right to recover from a third party when the party either knew or possessed information that, when reasonably pursued, would have given them knowledge of the plaintiff's status as an insurer of the insured. Group Health, Inc. v. Mid-Hudson Cablevision, Inc., supra; State Farm Mut. Auto. Ins. Co. v. Hertz Corp., supra; see Allstate Ins. Co. v. Mazzola, 175 F.3d 255, 261 (2d Cir. 1999). Accordingly, in light of the uncontradicted facts, the sole path for State Farm to succeed in this litigation is to establish that, before the execution of the Release, Selective knew of or possessed information which reasonably pursued would have given it knowledge of State Farm's subrogation rights.
Based on the moving papers, movant sets forth a prima facie showing demonstrating the [*5]entitlement to summary judgment dismissing the complaint. Of note, it is undisputed that Moving & Storage, through Selective, entered a binding legal release releasing the company from all claims alleged against it by K&B and the Release does not preserve State Farm's subrogation rights. see Booth v. 3669 Delaware, Inc., 92 NY2d 934 (1998). 
Selective demonstrates that it did not know or have reason to know of State Farm's subrogation rights prior to the execution of the Release. Selective's Specialist specifically avers that Selective did not have knowledge of or reason to know that, at the time of the execution of the Release, State Farm had made a payment, or even had a claim for payment. see Nationwide Insurance Co. v. Mocchia, 243 AD2d 692 (2d Dep't 1997). The specialist's review of Selective's files, moreover, did not disclose any written notice by State Farm prior to the signing of the Release, nor does State Farm even allege that any such notice was provided. Furthermore, no State Farm representative claims to have ever directly informed Selective of State Farm's interests before or after the Release was executed. A prima facie showing of entitlement to dismissal of the complaint is therefore demonstrated. see State Farm Mut. Auto. Ins. Co. v. Garda CL Atlantic, Inc., supra.
Plaintiff, in turn, fails to raise a material issue of fact requiring denial of the motion. A large portion of the State Farm Investigator's affidavit is inadmissible hearsay and is therefore insufficient to defeat a summary judgment motion. Chang v. Rodriquez, 57 AD3d 295 (1st Dep't 2008).
In any event, even considering the affidavit, to the extent that the State Farm Investigator declares that the Selective Investigator had knowledge that State Farm was K&B's insurance carrier and that State Farm had a claim because: the Selective Investigator created the Attendance Sheet, and the State Farm Investigator signed the Attendance Sheet, State Farm Investigator's conclusion is at best speculative. State Farm Mut. Auto. Ins. Co. v. Hertz Corp., supra. Speculation is insufficient to generate an issue of fact on a motion for summary judgment. see Cabrera v. Rodriguez, 72 AD3d 553, 554 (1st Dep't 2010) (holding that conjecture and speculation are insufficient to raise an issue of fact to defeat the motion); Garcia v. Verizon NY, Inc., 10 AD3d 339, 340 (1st Dep't 2004). Nor does the fact that the numerous inspectors were at the June 2020 Inspection on behalf of numerous entities and each signed the Attendance Sheet equate to proof of direct notice to Selective of State Farm's rights. Of import, there is no claim that State Farm's Investigator informed Selective's Investigator about the potential subrogation claim at the June 2020 Inspection. In fact, the State Farm Investigator does not claim that he even directly spoke to the Selective Investigator.
To the extent that State Farm argues that the mere presence of Selective' s Investigator at the joint inspection in and of itself "should give knowledge of an insurer's subrogation rights", State Farm fails to cite applicable legal authority to support the contention. Nor is there any legal precedent cited in support of State Farm's broad allegation that the Selective Investigator should have assume that State Farm hade a subrogation claim in June 2020 or at some point in the future, and that Selective was under an affirmative duty to inquire about State Farm's subrogation rights. Without any governing legal authority to support these propositions, which seek to shift the burden of notice to Selective, the contentions lack merit. Of note, the court is not required to scour the record to find a basis for broadly alleged unsupported principles of law. see generally, DPB Family LLC. v. Eutychia Group, LLC., 2022 WL 3133897 (Sup. Ct. New York County 2022). As such, State Farm fails to show the existence of a question of fact in contrast to defendant's prima facie showing, and the motion is appropriately granted. compare [*6]Travelers Property Cas. v. Giorgio, 21 AD3d 1086 (2d Dep't 2005).
The court has considered the additional contentions of the parties not specifically addressed herein. To the extent any relief requested by a party was not addressed by the court, it is hereby denied.
Accordingly, it is HEREBY
ORDERED that defendant MOVING & STORAGE, INC.'S motion (Seq. No. 1) seeking an order, pursuant to CPLR 3212, granting defendant summary judgment dismissing the complaint of plaintiff STATE FARM FIRE & CASUALTY COMPANY A/S/O K & B GLOBAL CORP. is granted; and it is further
ORDERED that the Clerk shall enter judgment dismissing the complaint; and it is further
ORDERED the Clerk shall mark the motion (Seq. No. 1) decided and the action disposed in all court records.
This constitutes the decision and order of the Court.
Dated: March 11, 2024
HON. VERONICA G. HUMMEL, A.J.S.C.